## MARY A. HOOK, APPELLANT, _v._ DELOS M. KENYON AND NANCY M. KENYON, RESPONDENTS.

_Husband and wife — when jointly entitled to recover for board and lodging furnished — what evidence is sufficient as to the wife's competency to testify as to their value._

In an action brought to recover upon a promissory note made by the defendants, who were husband and wife, for money due by the husband, the defendants interposed a counter-claim for board, lodging and use of room, which were supplied and furnished to the plaintiff by the defendants jointly. The evidence showed that the defendants resided in a house rented or owned by the wife; that the plaintiff applied to them for board and use of room, and it was agreed that the wife should furnish the use of the house and room, and the husband should furnish the provisions for the table, and that the two should share jointly and equally in the compensation to be paid therefor by the plaintiff.

It was claimed by the plaintiff that the agreement between the defendants to jointly furnish board and a room to the plaintiff, and to share equally in the amount paid therefor, created an indebtedness to the husband alone.

_Held,_ that as the wife was the lessee or owner of the house, and, therefore, not only performed services in furnishing board to the plaintiff, but also in con-

tributing the use of her separate property, that she was justly entitled to share in the money to be received for such board and the use of her house, and that the defendants could legally make a contract by which the wife would receive a share of the moneys paid for such board and use of room.

The evidence disclosed the fact that the wife had been a housekeeper for thirty years; that she performed the services necessary in furnishing the board to the plaintiff, and that she herself rented the house where they lived when the plaintiff commenced boarding with the defendants, and afterwards owned the house in which the plaintiff boarded.

*Held,* that the wife was a competent witness to testify as to what the board and occupation of the room were worth during the time that the plaintiff was there.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of Herkimer on the 20th day of December, 1888, after a trial at the Herkimer Circuit before the court and a jury, by which latter a verdict was rendered in favor of the defendants for fifteen dollars and ninety-one cents; and also from an order denying a motion on the part of the plaintiff for a new trial, made upon the minutes of the court, which was entered in the office of the clerk of the county of Herkimer on the 2d day of January, 1889.

*C. D. Thomas,* for the appellant.

*Geo. O. Rasbach,* for the respondents.

MARTIN, J.:

This action was upon a promissory note made by the defendants, who were husband and wife. It was given for money had by the defendant Delos M. Kenyon. The defendants set up as a counter-claim in this action a demand against the plaintiff for board, lodging and use of room, which were supplied and furnished to the plaintiff by the defendants jointly.

The evidence given by the defendants tended to show that the defendant Nancy M. Kenyon rented or owned the house in which, she and her husband resided; that, while they lived in a rented house, Nancy M. Kenyon paid the rent out of her own separate property; that afterwards they occupied a house which belonged to her and was a part of her separate estate; that the plaintiff applied to them for board and use of room; that the negotiations for such board and room were had by and between the plaintiff and both defendants, and that it was then and there agreed between the parties that the defendants should jointly furnish the plaintiff such board and room and receive therefor a reasonable compensation; that it

was further stated and agreed that the defendant Nancy M. Kenyon should furnish the use of the house and room and the defendant Delos M. Kenyon should furnish the provisions for the table, and the defendants should share jointly and equally in the proceeds. The jury found the facts as claimed by the defendants.

One of the questions presented on this appeal is, whether the plaintiff was indebted to the defendants jointly for such board and room so that plaintiff's indebtedness would constitute a proper counter-claim in this action. The plaintiff contends that the agreement between the defendants to jointly furnish her with board and room, and to share equally in the proceeds, was invalid because between husband and wife, and that the indebtedness set up in the defendants' answer was to the husband alone, and not a proper counter-claim to the note on which this action was brought.

It must be admitted that the services of a wife while in the discharge of her domestic duties still belongs to the husband. (*Brooks* v. *Schwerin*, 54 N. Y., 348.) It has also been held that where boarders are taken by the husband, and his wife takes charge of his establishment, and thus aids him in carrying on his business, in the absence of special proof, her services and earnings belong to her husband. But even under such circumstances the husband might covenant and agree that his wife should receive pay for her services on her own account. (*Reynolds* v. *Robinson*, 64 N. Y., 593.) "A married woman owes no duty to her husband * * * to carry on any business in his house or elsewhere for the purpose of earning money for him." (*Coleman* v. *Burr*, 93 N. Y., 30.) "When she labors for another her service no longer belongs to her husband, and whatever she earns in such service belongs to her, as if she were a *feme sole.* (*Brooks* v. *Schwerin, supra ;* see *Matter of Kinmer*, 14 N. Y. S. Rep., 618.) The use of her separate property belonged to the wife."

Thus it is seen that a husband and wife have power to agree that the wife shall receive pay for her services in a case like this. In this case the wife was also the lesee or owner of the house in which the plaintiff had a room and was boarded, and, therefore, not only performed services in furnishing board to the plaintiff, but also contributed the use of her separate property. That under such circumstances she was justly and equitably entitled to share in the

money to be received for such board and use of her house there can be but little doubt. But it is said that as the defendants were husband and wife they were incapable of making a contract between themselves to divide the amount received for such board and use of room, as such a contract made them partners and was invalid. We do not deem it necessary to a determination of this case that we decide the question whether the relation of partners may exist between husband and wife. We think, under the circumstances disclosed, the defendants had a right and could legally make a contract by which the wife should receive a share of the proceeds of such board and use of room for the use of her house and for her services, and that such contract having been made, and the plaintiff having promised to pay the defendants jointly for such board and use of room, with full knowledge of the agreement between the defendants, she cannot now insist that her debt was to the husband alone, and thus defeat the defendants' counter-claim.

On the trial the witness Nancy M. Kenyon was asked the following question : " How much was the board and occupation of the room worth during the time plaintiff was there? Objected to as incompetent, immaterial and improper. That it cannot be an offset under the answer. Witness not shown qualified to speak." These objections were overruled, and the plaintiff excepted. The witness answered, " It was worth four dollars." It is now claimed that this was error because the witness was not shown competent. The evidence discloses that the witness had been a housekeeper for thirty years; that she performed the services necessary in furnishing such board, and that she herself rented the house where they lived when the plaintiff commenced boarding with them, and afterwards owned the house in which she boarded. We think the witness was competent and the exception was not well taken. (*Mercer* v. *Vose*, 67 N. Y., 58.)

We have examined the other exceptions in the case without finding any that would justify us in disturbing the judgment herein, or that would seem to require special discussion, and the judgment and order must be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.