ALEXANDER ARMSTRONG, Respondent, *v.* AGRICULTURAL INSUR-
ANCE COMPANY of Watertown, N. Y., Appellant.

While a waiver of a condition of forfeiture contained in a policy of insur-
ance need not be based upon a technical estoppel, in the absence of an
express waiver, some of the elements of an estoppel must exist; the
insured must have been misled by some action of the company, which
caused the omission, to comply with the condition, or it must have done
something, after knowledge of a breach of the condition, which could
only be done by virtue of the policy, or required something from the
assured which he was bound to do only at the request of the company
under a valid policy, or exercised a right which it had only by virtue of
such policy.

Defendant issued a policy of fire insurance to one B., payable to plaintiff
as mortgagee "within sixty days after due notice and proof of the same
made by the assured." The policy contained a provision to the effect
that it should become void upon the commencement of proceedings to
foreclose a mortgage upon the insured property, unless the written con-
sent of the company was obtained. Plaintiff commenced an action to
foreclose his mortgage without having obtained such consent; subse-
quently he wrote to defendant that he had commenced such an action
without discovering the clause requiring a consent, and asked for con-
sent to continue the action. The letter was received by defendant, but
no reply was made to it. A judgment of foreclosure and sale was
entered, and thereafter the buildings insured were burned. B. having
refused to make proofs of loss, they were made by plaintiff. Defendant
on receipt declined to accept them upon the ground that they were not
made by the assured as required by the policy. Plaintiff thereupon
again solicited B to make the proofs, but he refused. Plaintiff then
sent an affidavit of B.'s refusal. Defendant replied that this did not
obviate the objection. In an action upon the policy, the court held that
defendant had waived the forfeiture caused by the foreclosure by its
failure to reply to plaintiff's letter notifying it thereof and asking con-
sent; also by its demand for proofs of loss made by the owner of the
property. *Held*, error; that defendant was under no obligation to reply
to said letter, and its failure to reply did not authorize an inference of
an intent to waive the condition, nor was it waived by the omission of
the company to assert the forfeiture in connection with its objection to
the proofs of loss.

*Titus* v. *Glens Falls Ins. Co.* (80 N. Y. 410); *Roby* v. *Am. Cent. Ins. Co.*
(120 id. 510), distinguished.

*Armstrong* v. *A. Ins. Co.* (56 Hun, 399), reversed.

(Argued December 23, 1891; decided January 26, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 15, 1890, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. H. Sawyer* for appellant. No proof of loss, as required by the terms and conditions of the policy, was ever made or furnished to the company. (*Grosvenor* v. *A. Ins. Co.*, 17 N. Y. 391; *Cornell* v. *Le Roy*, 9 Wend. 163; *Barnes* v. *U. Ins. Co.*, 45 N. H. 21; *W. F. Ins. Co.* v. *G. & B. S. M. Co.*, 45 Mich. 131; *Graham* v. *P. Ins. Co.*, 77 N. Y. 177; *Heilman* v. *W. Ins. Co.*, 75 id. 12; *Perry* v. *L. Ins. Co.*, 61 id. 214; *Hine* v. *Woolworth*, 93 id. 75; *Merwin* v. *S. Ins. Co.*, 7 Hun, 659; 72 N. Y. 603; *Cone* v. *N. Ins. Co.*, 60 id. 619, 624; *Bates* v. *F. Ins. Co.*, 10 Wall. 33; *B. S. Institution* v. *C. U. Ins. Co.*, 68 Me. 313; *F. S. Bank* v. *A. Ins. Co.*, 125 Mass. 431; *W. S. Bank* v. *C. Ins. Co.*, 29 Conn. 374; *Silas* v. *R. W. Ins. Co.*, 9 Ins. Law Jour. 154; *Graves* v. *B. M. Ins. Co.*, 2 Cranch, 419.) The motion for a nonsuit should have been granted upon the ground that no consent was ever obtained from the company, as required by the policy, for the foreclosure of the mortgage upon the property. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 411.) The application of the plaintiff's attorney for consent to the foreclosure was not sufficient. The policy does not require notice to be given but requires consent to be obtained. (*Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5; *Marvin* v. *U. L. Ins. Co.*, 85 id. 278, 282; *Smith* v. *N. F. Ins. Co.*, 60 Vt. 682.) The trial court and the General Term both held that the foreclosure of the mortgage without consent avoided the policy unless the condition in that respect was waived, and both held that such condition had been waived by the defendant. It is submitted that there is no foundation for such decision. (*Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5; *Devens* v. *M. & T. Ins. Co.*, 83 id. 168; *Wood*

v. *L. & L. F. Ins. Co.*, 116 id. 118.) The complaint does not allege any waiver of the condition of the policy requiring proofs of loss to be made by the assured, nor of the condition of the policy requiring consent to the foreclosure of the mortgage ; but on the contrary the complaint alleges due performance upon the part of the plaintiff of all the conditions of the policy. (*Clift* v. *Roger*, 25 Hun, 39 ; *Oakley* v. *Morton*, 11 N. Y. 25 ; *Eiseman* v. *H. Ins. Co.*, 74 Iowa, 11.) Under the plain condition of the policy, and upon the most ample authority, this judgment entered and docketed six days before the fire, without the consent of the company, rendered the policy void. (*Egan* v. *M. Ins. Co.*, 5 Den. 326 ; *Merrill* v. *A. Ins. Co.*, 73 N. Y. 452, 466 ; *Gould* v. *H. P. Ins. Co.*, 16 Hun, 538.)

*Calvin Frost* for respondent. The defendant waived the condition of the policy as to the commencement of foreclosure proceedings without its written consent. (*Titus* v. *G. F. Ins. Co.*, 80 N. Y. 410 ; *Goodwin* v. *M. M. L. Ins. Co.*, 73 id. 480 ; *Prentice* v. *K. L. Ins. Co.*, 77 id. 483 ; *Roby* v. *A. C. Ins. Co.*, 120 id. 510.) Plaintiff was entitled to make proofs of loss. (*Cornell* v. *Le Roy*, 9 Wend. 163 ; *Grosvenor* v. *A. F. Ins. Co.*, 17 N. Y. 391; *Luckey* v. *Gannon*, 37 How. Pr. 138; *Pratt* v. *N. Y. C. Ins. Co.*, 64 Barb. 589 ; *Nickerson* v. *Nickerson*, 80 Me. 105 ; *W. F. Ins. Co.* v. *G. & B. S. M. Co.*, 41 Mich. 131 ; *M. Ins. Co.* v. *Stein*, 5 Bush. 652.)

BROWN, J. This action is upon a policy of insurance against fire issued by the defendant to Daniel Brown, owner. The loss by an indorsement upon the policy was made payable to the plaintiff as mortgagee, and was to be paid "within sixty days after due notice and proof of the same made by the assured."

One of the conditions of the policy was that "if proceedings shall be commenced to foreclose any mortgage upon the insured property,     *     *     *     then this entire policy and

every part thereof shall be null and void, unless the written consent of the company at the New York office is obtained."

On January 6, 1888, the plaintiff commenced an action to foreclose his mortgage without having obtained the company's consent, and by so doing the condition quoted was broken, and the policy was, by its express terms, from that date "null and void." (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Devens* v. *M. & T. Ins. Co.*, 83 id. 168.)

The respondent claims, however, that the breach of this condition was waived, and the trial court and the General Term so determined. It appeared that on February 2, 1888, the plaintiff caused a letter to be written and mailed to the defendant at its New York office, which was delivered in due course of mail, notifying it of said foreclosure action, and that it had been commenced without discovering the clause against it in the policy, and asking consent to continue the action, to which letter no reply was ever made. On February fourth judgment of foreclosure and sale was entered, and on February tenth the buildings were burned.

Daniel Brown, the owner of the property, refused to make proof of loss under the policy, and thereupon such proofs were made by the plaintiff and sent to the defendant; whereupon, on March twenty-fourth, it notified plaintiff by letter that it declined "to accept or receive such papers as a proof of loss under said policy, upon the ground that they are not executed by the assured mentioned in the policy, as required by the conditions of the policy."

Upon receiving such notice plaintiff again solicited said Brown to make proofs of loss, but he declined and an affidavit of such request and declination was sent to the defendant whereupon it replied that it "did not see how these affidavits obviated the objection already made." The finding that there was a waiver of the forfeiture was based upon the failure of the defendant to reply to the letter of February second and upon the demand, implied from the letter of March twenty-fourth, that plaintiff should furnish it with proof of loss made and sworn to by the owner of the property.

One of the questions considered in *Titus* v. *Glens Falls Ins. Co. (supra)* was similar to the one presented in this case and it was there said that a waiver cannot be inferred from silence. That " the company is not obliged to do or say anything to make a forfeiture effectual." Within the rule there stated the defendant was under no obligation to reply to the plaintiff's letter informing it that the foreclosure suit had been commenced. And I am unable to see how under any rule any legal obligation rested upon the defendant to reply or how it could be inferred from the failure to reply that it intended to waive the enforcement of that condition of the policy. The commencement of the suit rendered the policy from that time void. The plaintiff must be presumed to have known of that fact. He deliberately violated the condition and destroyed his contract and then informed the defendant of his act. It would require some affirmative action on defendant's part under such circumstances to indicate that it intended to waive the result of the plaintiff's breach. We.have at this term of the court considered the failure to respond to an application of insurance in its effect upon a contract, and held that a contract could not be presumed under such circumstances (*Moore* v. *N. Y. Bowery Ins. Co.*), * and no substantial distinction exists in principle between that case and this. The failure to reply to the plaintiff's letter or as was said by the General Term " the neglect to refuse the consent as promptly as the occasion demanded" raised no inference·that the defendant consented to the foreclosure action. ( *Walsh* v. *Hartford F. Ins. Co.*, 73 N. Y. 5.)

The rule is now established, however, that if in any negotiations or transactions with the assured after knowledge of the forfeiture, it recognizes the continued validity of the policy, or does acts based thereon, or requires the insured to do some act or incur some trouble or expense, the forfeiture is waived. (*Titus* v. *Glens Falls Ins. Co.*, *supra*; *Roby* v. *Am. Central Ins. Co.*, 120 N. Y. 510; *Pratt* v. *Dwelling House Mut. Ins. Co.*, 41 N. Y. S. R. 303.)

*\*Ante,* page 537.

While the later decisions all hold that such waiver need not be based upon a technical estoppel, in all the cases where this question is presented, where there has been no express waiver, the fact is recognized that there exists the elements of an estoppel. (*Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108–112; *Goodwin* v. *Mass. Mut. Life Ins. Co.*, 73 id. 480; *Prentice* v. *Knickerbocker Life Ins. Co.*, 77 id. 483.)

In the cases cited the plaintiffs were misled by the action of the defendants, and its acts were the cause of the omission to comply with the condition of the policy, the breach of which was alleged as a defense, and under these circumstances the defendants were held to be estopped from asserting the objections.

In *Titus* v. *Glens Falls Ins. Co.* (*supra*), the defendant required the insured to appear before a person appointed for that purpose and submit to an examination. *Roby* v. *Am. Central Ins. Co.* was of like character. In those cases the defendant exercised a right which it had only by virtue of the policy, and it was held that exercising a right after knowledge of a breach of one of the conditions of the policy by the assured was a recognition of its validity, and hence a waiver of the forfeiture.

It will be observed, however, none of the things required of the insured in the cases cited were the ordinary contract stipulations, but were to be performed only when requested by the insurer. They were not essential to his cause of action, but were in the nature of an examination into the loss by the assured after service of the formal proofs, and this element points the distinction between those cases and the case at bar.

The condition requiring service of proofs of loss is one wholly for the benefit of the insurer. The assured contracts to perform it, and until he does so, he has no legal claim against the insurer and no cause of action. The proofs thus provided for are the legal evidence of the loss. The performance of the condition is not a thing to be done at the request of the insurer. The company may remain silent, and until proofs are furnished it cannot be called upon to pay the loss.

But the law does require of it entire good faith and fair

dealing in its transactions with the assured in reference to the proofs, and hence it is bound to point out any defects of a formal character therein that the assured may have an opportunity to correct them and if it accepts those served within the time named in the policy it will be deemed to have waived defects and to receive them in performance of the condition of the contract.

I do not think a waiver by the defendant can be inferred from its letter respecting the proofs served. It there made no demand upon the plaintiff. It pointed out to him the fact that in its interpretation of the contract, he was not the assured and the implication was that that term applied to the owner of the property and proofs must be made by him to fulfill the condition of the contract. That this was an act of entire good faith towards the plaintiff is apparent. It required no action from him and put upon him no trouble or expense, but left him free to stand upon his interpretation of the contract if he chose, and it gave him the opportunity if he desired and could do so to remove a possible objection to his claim.

But it is said that the defendant should then have asserted the forfeiture of the policy, and failing to do so, it waived it. But if it had placed its refusal to pay upon that ground, it would not have been permitted thereafter to set up and rely upon defective proofs. A denial of liability and a refusal to pay on the ground that there was no contract would have been equivalent to a declaration that it would not pay though the proofs be furnished. (*Tayloe* v. *Merchants' Fire Ins. Co.*, 9 How. [U. S.] 390; *Knickerbocker Life Ins. Co.* v. *Pendleton*, 112 U. S. 696; *Blake* v. *Exchange Mut. Ins. Co.*, 12 Gray, 265–272; *Vos* v. *Robinson*, 9 Johns. 192; *Ætna Fire Ins. Co.* v. *Tyler*, 16 Wend. 385–401; *Brink* v. *H. F. Ins. Co.*, 80 N. Y. 108.) So if it had accepted the proofs without objection it would not have been permitted thereafter to have denied that the plaintiff was the assured. (May on Ins. § 468; *Bodle* v. *Chenango Co. M. Ins. Co.*, 2 N. Y. 53; *Brink* v. *Hanover F. Ins. Co.*, *supra*.)

So that we have this case. The defendant knowing that a

claim is to be made upon it intends presumably to assert as a defense a breach of the condition quoted and to demand strict compliance with the condition as to the service of proofs of loss. It had a legal right to take that stand. The plaintiff presented proofs which, according to the company's construction of the contract, were not made by the proper person. What was it to do? If it accepted them it could not thereafter assert that they were not made by the assured. If it asserted that the contract was forfeited, the same result followed. If it refused them on the ground that the plaintiff was not the assured, it waived (so claims the respondent) every defense known to it arising out of the breach of the conditions of the contract by the assured.

How then was it to preserve its rights and enforce both conditions of the policy? Under the rule that thus far has been applied in this case I am unable to see how it could take any action without waiving one or the other of the two conditions. If it received the proofs it lost the right to assert that the owner and not the mortgagor was the assured. If it rejected them the penalty was loss of the right to assert the breach of the condition as to foreclosure. At any rate it could not reject them and demand that proofs be made in accordance with the contract as it interpreted it, without at the same time notifying the assured of its proposed line of defense. But the law imposed no such hardship upon it.

It needs no argument to show that it was justified in standing upon its legal rights and asserting them in the ordinary way and at the proper time, so long as in so doing it did not mislead the plaintiff to his own harm.

It had a right to base its defense to any claim made upon it upon the violation prior to the fire of any provision of the contract, and to require performance by the assured after the fire of those conditions which he had contracted to perform and which were essential to his cause of action and preliminary to the assertion of any claim upon the policy. And in demanding strict compliance with such condition it did not waive any of its rights under the contract.

It did not mislead the plaintiff or cause or require him to do anything that he did not agree to do.

It has not found fault with the character of the proofs or the matter therein stated or required him to submit oral or written testimony, as was done in *Titus* v. *Glens Falls Ins. Co.*, and the other cases cited. It asked only the performance of the contract. What it did was in the line of fair dealing, and was beneficial to the plaintiff in enabling him to procure the proofs from the owner, if he could do so, and thereby remove an obstacle to his claim. And there is no fact or circumstance existing in the case tending to show that the plaintiff was prejudiced in his action by anything that the defendant did. If it had, when the proofs were presented, asserted the forfeiture and denied any liability on the contract, that would not have aided him, as he could not have removed the difficulty that confronted him or mitigated in the slightest degree the effect upon the contract of the commencement of the foreclosure action.

To hold, under the circumstances, that the defense was waived, is to extend the rule far beyond that of any reported case.

As has been already said, in every case where a waiver has been implied from the defendant's acts, there has existed something of the element of an estoppel. The plaintiff has been misled to his harm, or the company has done something which could be done only by virtue of the policy, or has required something from the assured which he was bound to do only at the request of the company and which request could only be made under a valid policy.

But none of these elements exist here. The plaintiff was not misled nor has his claim been prejudiced by any act of the defendant, and that which he was required to do was essential under the contract to the assertion of any cause of action upon the policy. Moreover, at the time the proofs were rejected, the loss was not payable and the plaintiff was not in a position to demand payment or bring an action.

By the policy the loss was payable sixty days after service of proofs and until that period elapsed there was no occasion

or necessity for the defendant to make known whether it intended to pay or contest the claim. How can it be said that the plaintiff, having no right to demand payment, yet had a right to know whether the defendant would or would not pay upon the maturity of the contract, and also to be informed sixty days in advance of his right to sue whether in such a suit the defendant's liability would be denied. Yet such is the result of the rule applied in the case. If such a rule was applicable at all it would seem that the defendant should at least be allowed until the loss is due and payable to determine whether or not it will contest the claim. But no principle of this kind ever was applied to any other contract, and no reason is apparent why it is applicable in cases of this character.

Had the defendant accepted the proofs tendered, there would have been no pretense of a waiver, and there is no rule that works a different result from their rejection.

The conclusion that, under the circumstances disclosed in this case, there was no waiver is in accordance with the authorities. *Phœnix Ins. Co.* v. *Stevenson* (18 Ky. 160; 8 Ins. Law Journal, 922); *Fitchpatrick* v. *Hawkeye Ins. Co.* (53 Iowa, 335), are directly in point.

In the first case cited, the policy provided that "if the assured shall have     *     *     *     any other insurance on the property herein insured     *     *     *     without the consent of the company written thereon, then this policy shall be void."

The condition was broken, but with knowledge of the breach, the company informed the assured that if he had any claim against the company, he should furnish proofs of loss in accordance with the condition of the policy. The Supreme Court of Kentucky held this was not a waiver.

In the Iowa case there was a breach of condition as to occupancy, and, after being informed of that, the company required the assured to present proofs of loss. The court held there was no waiver. That proofs were required in pursuance of the assured's obligation in the policy, and without them plaintiff had no cause of action, and that the requirement of defendant that the assured should discharge his contract obli-

gation did not estop it from insisting on other conditions of the policy.

In *Desilver* v. *State Mut. Ins. Co.* (38 Penn. St. 130), it was held that a waiver of notice is not a waiver of the preliminary proof, or of the particular account, when they are made by the policy distinct and separate acts.

In *Titus* v. *Glens Falls Ins. Co. (supra)*, it was said the company might wait until claim is made, and then, in denial thereof, or *in defense of a suit*, assert the forfeiture.

In *Brink* v. *Hanover Ins. Co. (supra)*, it was said, in speaking of the duty of insurance companies to deal with their customers with fairness : " They may refuse to pay without specifying any ground, but if they plant themselves upon a specified defense, and so notify the assured, they should not be permitted to retract after the latter has acted upon their position as assumed." This language was repeated in *Devens* v. *M. & T. Ins. Co.* (83 N. Y. 168–173), and it was there said in addition that " the doctrine of waiver should not be extended so as to deprive a party of his defense merely because he negligently or incautiously, when a claim is presented, while denying the liability, omits to disclose his defense, or states another ground than that upon which he finally relies. There must be, in addition, evidence from which the jury would be justified in finding that, with full knowledge of all the facts, there was an intention to abandon, or not to insist upon, the particular defense afterwards relied upon, or that it was purposely concealed under circumstances calculated to, and which actually did, mislead the other party to his injury."

In that case proofs of loss were served and accepted, and the company, while denying liability, omitted to put its disclaimer upon the breach of warranty afterwards asserted as a defense. The case was stronger for the plaintiff than the one at bar.

Here the plaintiff knew that he had violated the policy in commencing the foreclosure suit, and he was informed just what the defendant claimed as to the proofs of loss. He knew, therefore, just what defenses his claim was liable to meet and

he was not misled or injured by the defendant's action.   But in the case just cited, the defendant placed its disclaimer of liability upon a ground upon which it did not afterwards rely, and the court said this was not inconsistent with an intention to rely upon the defense afterwards made.   (See also *Putnam Tool Co.* v. *Fitchburg Mut. Fire Ins. Co.*, 145 Mass. 265.)

We are of the opinion that there was no waiver by the defendant of the breach of the policy, and for that reason the judgment should be reversed and a new trial granted.

This conclusion renders it unnecessary to consider the other questions in the case.

All concur.

Judgment reversed.