CAROLINE RADEMACHER, Respondent, *v.* THE GREENWICH INSURANCE COMPANY of the City of New York, Appellant.

*Action on a standard fire insurance policy — conditions precedent to a recovery thereon — waiver thereof — evidence as to value.*

In an action brought upon a standard fire insurance policy covering wearing apparel and household goods, to recover the value of such insured property, which had been destroyed by fire, the plaintiff, although not a dealer in the articles injured, testified that for a number of years she had been engaged in housekeeping, and had, from time to time, purchased similar articles to those destroyed, and was familiar with the prices for which they sold.

*Held*, that an expression of her opinion as to the value thereof by the plaintiff, coupled with a statement of the basis upon which such opinion was predicated,

showing that she took the cost of such property and deducted for depreciation twenty-five per cent, was competent evidence upon the question as to the value thereof.

Whatever the personal views of an appellate court may be as to the credibility to be attached to the testimony of different witnesses, when there is not a clear preponderance of evidence in favor of one of the parties which would have justified the direction of a verdict in its favor, the verdict of a jury thereon is conclusive.

Under a policy of fire insurance in the form provided by chapter 488 of the Laws of 1886, the furnishing of proofs of loss, and, in the event of a disagreement, the undertaking in good faith to have an appraisal of the property destroyed, are conditions precedent to a right to recover thereon, and a breach thereof, unless waived, constitutes a defense thereto, and the mere retention of proofs of loss, served after the time limited for their service by the insurer, is not a waiver of the condition precedent.

In an action brought upon a standard policy of fire insurance, containing a clause requiring that proofs of loss be furnished within sixty days after the occurrence thereof, it was shown that proofs of loss were not furnished until nearly ninety days after the fire; that such proofs of loss were received by the insurance company without objection, and retained by it; that an agreement of arbitration was entered into before the time had expired within which 'the proofs of loss should have been served. The answer did not affirmatively allege forfeiture for failure to file proofs of loss, but admitted the receipt thereof subsequent to the sixty days, and denied that the plaintiff had complied with the conditions of the policy.

*Held*, that the denial of a motion to dismiss the complaint was not error.

Appeal by the defendant, The Greenwich Insurance Company of the city of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 13th day of April, 1893, upon the verdict of a jury for $400 after a trial at the New York Circuit, and also from an order made at the New York Circuit on the 11th day of April, 1893, and entered in said clerk's office, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*E. Randolph Robinson*, for the appellant.

*Louis Cohen*, for the respondent.

O'Brien, J.:

Chapter 488 of the Laws of 1886 provides for a uniform policy of insurance, known as the "standard" policy, and makes its use compulsory upon insurance companies. Such a policy the defendant issued to the plaintiff on wearing apparel and household goods,

some of which it is claimed were totally and some partially damaged by a fire occurring on the 23d day of February, 1891. The policy contained the usual clauses to be found in standard policies, requiring the insured, if a fire occurred, to give immediate notice of any loss, and the further clause providing for an arbitration in the event of disagreement as to the amount of such loss. Upon these clauses and the fact that the plaintiff claimed $627.66 as her damage, the questions presented upon this appeal turn.

The plaintiff alone testified as to value, and not only her competency but the question of the weight to be attached to her evidence is presented by proper exceptions. It was insisted on the trial, as it is upon this appeal, that there was a fraudulent statement of the amount of loss, that it did not exceed seventy dollars and fifty-three cents, and that the verdict of the jury was erroneous in awarding $400, as was also the ruling in refusing to dismiss the complaint.

The evidence, though slight and unsatisfactory upon the question of value, was, we think, sufficient for presentation to the jury. Although not a dealer in the articles injured, it nevertheless appeared that the plaintiff for a number of years had been engaged in housekeeping, and had from time to time purchased similar articles and was familiar with the prices at which they sold. This property consisted of wearing apparel and household goods, and an expression of her opinion as to their value, coupled with the basis upon which such opinion was predicated, showing that she took the cost of such property and deducted for depreciation twenty-five per cent, was some, and, we think, competent evidence upon the question of value. On the part of the defendant the experts testified that the property partially damaged was not worth more than $140, and that the damage thereto was but seventy dollars. And these experts expressed the belief that this was the extent of the injury to plaintiff, for the reason that they did not think, from the character of the fire and the appearance of the property in the house where the fire occurred, that any property was totally destroyed. The value of property destroyed the plaintiff had placed at over $200; and the questions were before the jury whether any property had in point of fact been destroyed, and if so, how much, which, together with the partial damage sustained, would be the amount the plaintiff was enti-

tled to recover. Whatever our personal views as to the credibility to be attached to the different versions, we think that where, as here, there was not that clear preponderance in favor of the defendant which would have justified a direction in its favor, the verdict of the jury thereon is conclusive, as it is upon the cognate question of overvaluation.

In addition to the question of the extent of the loss, the defendant, at the close of plaintiff's testimony, and again at the close of the defendant's testimony, moved to dismiss upon the following grounds :

*First.* That it is a condition precedent of the plaintiff's right to recover under the policy that her loss should be ascertained by appraisal, and in the case the appraisers disagree, by the decision of an umpire.

*Second.* That the policy provides that proofs of loss should be furnished within sixty days of the fire, and the plaintiff has shown that they were not served until the expiration of ninety days.

Upon the law there can be no doubt that the furnishing of proofs of loss and, in the event of a disagreement, the undertaking in good faith to have an appraisal of the property, are conditions precedent to a right to recover, and a breach thereof, unless waived, constitutes a defense. (*Quinlan* v. *P. W. Ins. Co.,* 133 N. Y. 357.) The difficulty to be found in the questions presented upon this appeal is, not in the law, which we regard as settled, but in its application to the facts here appearing. In determining, therefore, the strength of these objections, the testimony relating thereto must be referred to.

Immediately after the fire the defendant was duly notified and sent a person to examine the premises, and although it is not apparent just how it arose, the parties disagreed as to the extent of the loss. The policy required that in the event of such a disagreement the loss should be determined by appraisal, each party selecting one appraiser, and in case such appraisers disagreed, by the decision of an umpire. The agreement of arbitration signed by both parties bears date the second day of April. These appraisers could not agree and undertook to select an umpire, the defendant's appraiser selecting four names which were forwarded to plaintiff's appraiser, and upon which the latter did not act until he had received a letter from defendant's appraiser calling attention to the names submitted and requesting an answer, which was sent on the

thirteenth of April by the plaintiff's appraiser, who, without objecting in his letter to the names submitted by defendant, proposed three other names. To this the defendant's appraiser responded, stating that he had made an examination of the standing of the parties submitted to act as umpire, and that he could not accept any of them because he had ascertained that they were not furniture dealers or in any way competent to act in a loss of the kind, and that he would like to hear from the plaintiff's appraiser as to whether he accepted or declined the parties offered by him. In addition, the plaintiff's appraiser testified that he had suggested the names of furniture men, naming one firm, and that he was unable to agree with the other side upon an umpire.

The motion to dismiss upon this branch was necessarily placed upon the ground that upon this showing by plaintiff, the court was bound, as a matter of law, to hold that the plaintiff had not complied with this condition of the policy in obtaining an appraisal.

In *Uhrig* v. *Williamsburgh Ins. Co.* (101 N. Y. 305) it was said : " Under the arbitration clause it was the duty of each party to act *in good faith* to accomplish the appraisement in the way provided in the policy, and if either party acted in bad faith so as to defeat the real object of the clause, it absolved the other party from compliance therewith ; and, if either party refused to go on with the arbitration or to complete it, or to procure the appointment of an umpire, so that there could be an agreement upon an appraisal, the other party was absolved. The claimant under such a policy cannot be tied up forever without his fault and against his will by an ineffectual arbitration." And, as further said in the opinion in that case : " Upon all the evidence, it was a question of fact for the jury to determine whether there was any breach of this clause in the policy."

So here, we think, it was upon the evidence a question of fact proper to be submitted to the jury, because plaintiff's want of good faith was not so clear as to have justified the court in ruling, as a matter of law, that the plaintiff had violated this condition. Had the defendant requested to go to the jury upon this question, it would undoubtedly have been entitled to do so, as upon all the evidence a question of fact was fairly presented whether or not the plaintiff had acted in entire good faith in endeavoring to select, after the appraisers had disagreed, a disinterested and impartial umpire.

Such request, however, was not made by defendant, relying, as it did, upon the right to have the question disposed of as a matter of law; and, with this position taken by the defendant, we do not think the ruling of the trial judge was wrong.

The other ground of the motion to dismiss, namely, the failure to present proofs of loss in time, is the most serious question in the case. It is conceded that the fire occurred in February, that proofs were not furnished until May, and that the policy required that they should be furnished within sixty days after the fire. Upon the law, therefore, unless the evidence shows that this condition has been expressly or impliedly waived, it would bar the plaintiff's recovery.

The question of what will constitute a waiver has been frequently discussed. In *Koller* v. *German American Insurance Co.* (N. Y. Law Jour., Jan. 31, 1893) it was said : "While a waiver of a condition of forfeiture need not be based upon a technical estoppel, yet, in the absence of an express waiver, some of the elements of an estoppel must exist; the insured must have been misled by some action of the company, which caused the omission to comply with the condition, or it must have done something after knowledge of a breach of the condition, which could only be done by virtue of the policy. (*Armstrong* v. *Ins. Co.*, 130 N. Y. 560 ; *Ronald* v. *Ins. Co.*, 132 id. 378.) Forfeitures, plainly incurred and not waived, must be enforced by the courts. (*Quinlan* v. *Ins. Co.*, 133 N. Y. 356.) * * * Mere silence at a time when it was not required to speak is not a waiver, nor evidence from which waiver may be inferred (*Armstrong* v. *Ins. Co.*, *supra*), so that the mere retention of proofs, served after the time limited for their service, is not performance of the condition precedent."

The facts relied upon in this case to show waiver are the receipt of the proofs of loss without objection, and retaining the same, and the entering into the agreement of arbitration before the time had expired within which the proof of loss should have been furnished.

In *Brink* v. *Hanover Fire Ins. Co.* (80 N. Y. 113) it was said : "If a company intends to avail itself of the technical objection that the proofs are not filed in time, common fairness requires that it should refuse to receive them on that ground, or at least promptly notify the assured of their determination ; otherwise, the objection should be regarded as waived." And though the question has not been

directly passed upon in this State, an argument in support of the proposition, that the entering into an arbitration before notice or proofs of loss have been served is a waiver of notice or proofs of loss, notwithstanding a stipulation in such submission that it shall not operate as such waiver is furnished by the case of *Gale* v. *State Ins. Co.* (33 Mo. App. 664).

The answer of the defendants does not affirmatively allege a forfeiture for failure to file proofs of loss, such answer admitting that they were received at the date fixed in the complaint, which was subsequent to the sixty days, but denying that the plaintiff has complied with the conditions of the policy.

Although we think that the question as to a waiver by implication is close, yet in view of the issues and the way in which this question was presented, we think that the trial judge was not obliged to dismiss the complaint. And upon the same motion being made at the close of the case, the additional reason was then furnished by the circumstance appearing that after the appraisers had failed to agree, but within the time limited for filing proofs of loss, the defendant sent three appraisers, who made out a detailed statement of the loss, after fully interrogating the plaintiff upon the extent of her claim.

Our conclusion, therefore, is that the judgment is right and should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.