## ST. LOUIS & S. F. R. CO. v. DUNHAM.

No. 1997. Opinion Filed January 21, 1913.

(129 Pac. 862.)

1.  **EVIDENCE—Opinion Evidence—Value.** In an action for loss of household goods and wearing apparel, which have no market value, where the owner is familiar with the lost articles, has purchased

them and used them in his family day after day, and knows the purpose for which they were used, he is competent to testify as to their value to him.

2. **CARRIERS—Refusal to Deliver Freight—Liability for Conversion.** Where the owner and consignee of freight is at the depot when his goods arrive, and sees them unloaded, and returns next day and demands them and is refused, and the goods are reshipped to some other destination, and the carrier is unable to account for their whereabouts and refuses to pay for them, the owner may maintain an action for conversion.

3. **SAME—Loss of Household Goods—Measure of Damages.** In an action against a carrier for loss of household goods and wearing apparel, which have no fixed market value, the measure of damage is the value of the goods to the owner; not any fanciful value which he might place upon them, but such reasonable value as from the nature and condition of the goods and the purpose to which they were adapted and used they had to him.
(Syllabus by Harrison, C.)

*Error from Tillman County Court;*
*T. E. Campbell, Judge.*

Action by Samuel A. Dunham against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was originally brought in the justice court by Samuel A. Dunham against the St. Louis & San Francisco Railroad Company for the loss of a shipment of household goods consisting of tableware, books, sewing machine, cooking utensils, bed clothing, and wearing apparel, of the total alleged value of $187.90. Plaintiff obtained judgment in the justice court, and the company appealed to the county court. In October, 1908, a trial *de novo* was had, resulting in a judgment for Dunham for $65. Whereupon the railway company was granted a new trial. Thereafter, in February, 1909, the cause was again tried, and Dunham given judgment for $93.55. From this judgment and order refusing a new trial, the railway company appealed to this court.

The facts were: That in September, 1907, plaintiff delivered to the Rock Island Railroad Company, Guymon, Okla., the household goods herein sued for for shipment to Davidson, Okla. The Rock Island lines do not run through Davidson and some time in November, 1907, said goods were delivered by the Rock

Island Railroad Company to the St. Louis & San Francisco Railroad Company, whose lines do run into Davidson. On November 12th the goods were delivered by the St. Louis & San Francisco Railroad Company at Davidson. The plaintiff was present at the station, and saw them unloaded. Not being able to take them away on that evening, he returned for them the next morning, and found they were not there, but had been re-billed to Davidson, Ind. T. Being unable to get any further trace of the goods, in April thereafter, plaintiff brought suit for con-version. After the suit was brought, however, the goods were located by the railroad company and redelivered to Davidson in an apparently worthless or badly damaged condition, but re-fused to turn the goods over to plaintiff, unless plaintiff would pay certain extra freight charges.

*W. F. Evans, R. A. Kleinschmidt,* and *W. H. Cloud,* for plaintiff in error.

*Wilson & Roe,* for defendant in error.

Opinion by HARRISON, C. (after stating the facts as above). There are three material propositions presented by plaintiff in error as grounds for reversal: First, the incompetency and insufficiency of the testimony as to the value of the articles; second, that suit was brought for conversion, whereas it should have been brought for the damages done to the goods; third, that the court erred in instructing the jury as to the measure of damages.

As to the first proposition, the rule seems to be fairly well settled that the owner of household goods with no fixed market value is competent to testify as to the value of his own goods to him. Underhill on Evidence, 294; *Rodee v. Detroit F. & M. Ins. Co.,* 74 Hun, 146, 26 N. Y. Supp. 242; *Hook v. Kenyon,* 55 Hun (N. Y.) 598, 9 N. Y. Supp. 40; *Rademacher v. Green Ins. Co.,* 75 Hun, 83, 27 N. Y. Supp. 155; *Parmelee v. Raymond,* 43 Ill. App. 609; 13 Enc. of Ev. 525, and authorities cited. In the case at bar plaintiff testified as to the value of the articles lost. His testimony was not denied, but was objected to on the ground of incompetency of the witness, or any of the witnesses,

to testify as to the market value.   As to the testimony of the expert witnesses introduced, plaintiff in error's contention is probably well taken, but the plaintiff testified that there was no market, nor any set market value, for such goods, either at Guymon, Okla., or at Davidson, Okla.   But the testimony shows that he well knew what the articles were, had had them in his family, had seen them and used them day after day, and knew what their value was to him, and, under the authorities cited, *supra,* was competent to testify as to their value to him.

As to the contention that the suit was brought for conversion, instead of for damages sustained to the goods, the contention is not supported by the record.   The facts are undisputed that plaintiff saw his goods unloaded at their proper destination on November 12, 1907, within a few days after they had been consigned for shipment.   He went next day and demanded his goods, and could not get them, and was refused; the excuse offered for not letting him have his goods being that they had been reshipped to some other point.   The railroad company was unable to locate the goods or to account for their whereabouts, and refused to pay the plaintiff for their loss.   Under these circumstances, he had a right to assume that they had been converted, and to base and maintain his action on that theory.   5 Am. & Eng. Enc. of Law, 231; *Louisville & N. W. Ry. Co. v. Lawson,* 88 Ky. 496, 11 S. W. 511; *Wright & Colton Wire Clothing Co. v. Warren,* 177 Mass. 283, 58 N. E. 1082.

As to the third proposition, the court instructed the jury as follows:

"Gentlemen of the jury, you are instructed that the measure of damages for loss of household goods where the goods have no market value is the value of such goods to the owner, not any fanciful price that he might place upon them, nor, on the other hand, the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of the articles so specifically adapted to use of himself and family."

Plaintiff in error contends that this was not the measure of damages.

In *Parmelee v. Raymon, supra,* the court said:

"In the case of loss of personal wearing apparel the owner

is entitled to recover its value to him, not what, as second hand or odd pieces, it would have sold for in the market. Any other rule would be most unjust"

—citing *Fairfax v. N. Y. Central R. R.*, 73 N. Y. 167, 29 Am. Rep. 119; *Green v. Boston R.;* 128 Mass. 221, 35 Am. Rep. 370.

"The value of such property to the owner may be shown—not any fanciful price he may put upon it, nor the price for which he could sell it, but his money loss if deprived of it." (13 Enc. of Ev. 525, and notes.)

"The owner of a silk quilt, family pictures, and like property having no market value may testify of their value to himself." (*International & G. N. R. Co. v. Nicholson*, 61 Tex. 550.)

This rule seems to us to be a very just one. As stated in the opinion in 43 Ill. App., *supra*: "Any other rule would be an unjust one." The goods in question here had no market value, within the ordinary meaning of the term, but did have a peculiar and specific money value to the plaintiff. True, as stated in the authorities above cited, he should not recover for some fanciful price which he might place on the lost articles, but should recover such reasonable damage as from the nature of the articles and the nature of their use to him he had sustained by their loss, and from the record it clearly appears that no fanciful estimate was placed on the lost articles by the plaintiff in testifying as to their value to him, nor by the jury in reaching their estimate of the loss sustained.

Plaintiff brought suit for $187.90. The list of lost articles and the value of each article was completely itemized in the record, their alleged aggregate value being $187.90. The jury heard the testimony as to the character of the articles, their condition at the time of shipment, their peculiar use to the plaintiff, and gave him a verdict for $93.55. We think under the record that the verdict is sustained by the evidence.

The judgment should, therefore, be affirmed.

By the Court: It is so ordered.