## STACK v. GUDGEL.

No. 6862—Opinion Filed July 11, 1916.
(158 Pac., 1144.)

1. **Bailment—Liability of Bailee—Measure of Damages.**

In an action to recover against a bailee for hire for loss of household goods where the goods have a market value, the measure of damages for such loss is the cash market value thereof, and where such articles have no market value, the measure of damages is the value of the goods to the owner; not any fanciful value which he might place upon them, but such reasonable value as from the nature and condition of the goods and the purpose to which they were adapted and used, they had to him.

2. **Principal and Agent—Rights and Liabilities to Third Persons—Undisclosed Principal.**

Where the husband stores with a bailee for hire a box containing household goods, part of which belong to his wife, for which the bailee executes a receipt to the husband and it is undisclosed to the bailee that any part of the said articles belong to the wife, the husband, being agent of an undisclosed principal, in his own name may recover damages for the loss of the entire contents of the box.

(Syllabus by Collier, C.)

Error from County Court, Comanche County; H. N. Whalin, Judge.

Action by F. C. Gudgel against W. H. Stack. Judgment for plaintiff, and defendant brings error. Affirmed on condition.

H. A. Smith, for plaintiff in error.

L. M. Gensman and W. T. Dixon, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against plaintiff in error, to recover the value of certain household goods stored by the plaintiff with defendant. The defendant demurred to the petition, which was overruled and exception saved, and afterwards filed answer denying the allegations of the plaintiff's petition.

The undisputed evidence is that the defendant was engaged in the storage business for hire, and that plaintiff stored with him certain household goods for which a receipt was given him by defendant, and plaintiff paid the storage charges thereon to the defendant, and that said box was lost and was not returned to plaintiff upon his demand. The evidence as to the value of the articles contained in the box in many instances is very indefinite, and in most instances the value is not fixed at the cash market value of said property, but at the value of said property to plaintiff, and in many instances no value whatever is shown. The evidence

of the value of the property contained in the box so far as fixed at all is 7 bed quilts at $7.50 each, 6 bed quilts at $5 each, 1 feather bed $25, 2 pairs of blankets at $3 a pair, 1 postal card album $5, a wedding certificate $6, one lot of knives, forks, and one-half dozen spoons $10, 1 game board $5, a set of electrical books $80; all of which were shown by the evidence to be in the box which was lost and of the aggregate value of $219.50.

The defendant requested the court to give the jury instructions 1, 2, and 3, and separately excepted to the refusal to give each of said instructions, which said instructions are as follows, to wit:

"Instruction No. 1. You are instructed, gentlemen of the jury, that the relation of bailor and bailee existed in this case between the plaintiff and defendant, and that the storage operated by the defendant is called a depository for hire, and that as such storage, the defendant was compelled to use ordinary care for the preservation of the goods stored with the defendant by plaintiff; and if you believe from the evidence that defendant parted with the possession and control of the box so stored to another not the plaintiff, and in good faith, and believing that the party to whom the box so delivered was the plaintiff or his agent, then you must find for the defendant.

"Instruction No. 2. You are instructed that the plaintiff in this case can only recover from the defendant the value of the property actually owned by plaintiff and lost by the negligence of defendant. If you find that said property was lost by the negligence of the defendant, yet plaintiff cannot recover for any property which belonged to his wife, and all such property as you find from the evidence that belonged and was owned by his wife you must disregard and cut out entirely.

"Instruction No. 3. You are instructed to exclude the item, wedding or marriage certificate, entirely from your consideration, since said item has no value at all in law and the same is only evidence of marriage, and in case of loss of the marriage certificate, a certified copy of the same can be obtained from the records. The law provides for proof of the marriage relation in other ways when such proof becomes necessary."

Judgment was rendered for plaintiff in the sum of $370.95. Timely motion was made for a new trial, overruled and exception saved, and to reverse said judgment defendant brings error.

There are several assignments of error in the case, but, from the view we take, we deem it only necessary to review the assignments of error as to refusal of the charges requested, and that the court erred in overruling the motion for a new trial, there being no error assigned to the overruling of the demurrer to the petition.

STACK v. GUDGEL

The said refused instructions 1, 2, and 3 do not, in our opinion, correctly state the law. The vice of refused instruction No. 1 is that it authorized recovery for the defendant if the defendant parted with the box and contents so stored to another than the plaintiff, or his agent, and in good faith and believing that the party to whom the box so delivered was the plaintiff or his agent. Such delivery would not exonerate the defendant from liability to the plaintiff.

In Ruling Case Law, vol. 1, sec. 40, p. 118, it is said:

"So whenever a person, intrusted with the goods of another, puts them into the hands of a third person without orders, such delivery to an unauthorized person is as much a conversion as would be a sale of the property, or an appropriation of it to the bailee's own use. And in such cases, neither a sincere and apparently well-founded belief that the tortious act was right, nor the exercise of any degree of care, constitutes a defense even to a gratuitous bailee." Union Stockyards & Transit Co. v. Mallory, Son & Zimmerman Co., 157 Ill. 554, 41 N. E. 888, 48 Am. St. Rep. 341; Hall v. Boston & W. R. Corp., 14 Allen (Mass.) 439, 92 Am. Dec. 783, and note; Lockwood v. Bull, 1 Cow. (N. Y.) 322, 13 Am. Dec. 539; Kowing v. Manly, 49 N. Y. 192, 10 Am. Rep. 346.

The vice of refused instruction No. 2 is that it limited the recovery to the property owned by the plaintiff and excludes the right of recovery to any property belonging to his wife. The plaintiff was entitled to recover not only for the property owned by him, but by his wife, also, under the well-settled rule that the agent of an undisclosed principal may recover in his own name.

"A party contracting in his own name with a third party, but for an undisclosed principal, may himself maintain an action upon such contract." Stewart v. Gregory, Carter & Co., 9 N. D. 618, 84 N. W. 553.

"The contract having been made with the plaintiff in his own name, he was entitled to maintain an action in his own name for a breach of the contract, although he may have been the agent of the owner of the goods to be transported." Georgia Southern & Florida Ry. Co. v. Marchman, 121 Ga. 235, 48 S. E. 961.

In Story on Agency, secs. 392, 393, 395, 396, the doctrine is stated in the broadest terms that whenever the contract is made directly with the agent and purports to be a contract, personally with him, and also where he is the only known or ostensible principal, and therefore in the contemplation of the law, the contracting party, he may sue in his own name.

"The right of an agent to sue on a contract which he has entered into in his own name without disclosing his agency, if the principal

makes no objection, seems hardly to have been questioned, and is said to be the rule, in different text-books on agency, including 2 Clark & Skyles, Agency, sec. 614, Mechem, Agency, sec. 755, and Tiffany, Agency, p. 387. Many cases are cited in support of such rule. All of those directly in point sustain the agent's right to sue." M. D. Shelby v. C. C. Burrow, 76 Ark. 558, 89 S. W. 464, 1 L. R. A. (N. S.) 303, 6 Ann. Cas. 554. See also, Mo. Pac. Ry. Co. v. Peru-Van Zandt Imp. Co., 73 Kan. 295, 85 Pac. 408, 87 Pac. 80.

The storage of the box and contents having been made by the husband, he was in contemplation of law the contracting party, and though the box contained some articles belonging to the wife, he, as her undisclosed agent, had the right to maintain the action for all the property contained in the box without joining his wife.

The vice of instruction No. 3 is that it is argumentative and confusing.

"The instructions of the court should clearly and intelligently set forth the law applicable to the issues and evidence submitted, without being conflicting, confusing, or misleading." K. C., M. & O. R. Co. v. Roe, 50 Okla. 105, 150 Pac. 1035.

We are of the opinion that each of said instructions, Nos. 1, 2, and 3, was properly refused.

The well-settled measure of damages for the negligent loss of a box and contents by a bailee for hire, which has a market value, must be shown by such market value. 3 R. C. L., sec. 78, p. 155.

"And where, in an action against a carrier for loss of household goods and wearing apparel, which have no fixed market value, the measure of damage is the value of the goods to the owner; not any fanciful value which he might place upon them, but such reasonable value as from the nature and condition of the goods and the purpose to which they were adapted and used they had to him." St. L. & S. F. R. Co. v. Dunham, 36 Okla. 724, 129 Pac. 862; Underhill on Evidence, 294; Rodee v. Detroit F. & M. Ins. Co., 74 Hun., 146, 26 N. Y. Supp. 242; Hook v. Kenyon, 55 Hun, 598, 9 N. Y. Supp. 40; Rademacher v. Greenwich Ins. Co., 75 Hun, 83, 27 N. Y. Supp. 155; Parmelee v. Raymond, 43 Ill. App. 609; 13 Enc. of Ev. 525, and authorities cited.

We are of the opinion that the plaintiff was entitled to recover, but, applying the hereinbefore stated rules as to the value of the articles contained in the box which was lost, we are of the opinion that the verdict of the jury for $370.95 is not reasonably sustained by the evidence as to the amount of recovery, but we are of the opinion that, under the evidence, the plaintiff was entitled to recover $219.50; and therefore the plaintiff should have been required to remit the

2—60

verdict accordingly, and upon failure so to do a new trial should have been granted.

We therefore recommend, if the plaintiff, within 30 days from the handing down of this opinion, will remit the said judgment for $370.95 to the sum of $219.50, that this cause be affirmed, and, if said remittitur be not made within the time named, that this cause be reversed and remanded.

By the Court: It is so ordered.