## MERCHANTS SOUTHWEST TRANSFER & STORAGE CO. v. CAMPBELL.

No. 13907—Opinion Filed Sept. 16, 1924.

**1. Bailment—Liability for Loss or Injury—Negligence—Presumptions and Burden of Proof.**

The rule adopted in the more modern decisions is that the proof of loss or injury shall be a sufficient prima facie case against the bailee to put him upon his defense. Where chattels are delivered to the bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes negligence to be the cause and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part.

**2. Same—Loss of Household Goods—Measure of Damages.**

In an action to recover against a bailee for hire for loss of household goods, where the goods have a market value, the measure of damages for such loss is the cash market value thereof, the cost of replacing such articles, where they are of common use, and where such articles have no market value, the measure of damages is the value of the goods to the owner; not any fanciful value which he might place upon them, but such reasonable value as from the nature and condition of the goods and the purpose to which they were adapted and used, they had to him.

**3. Appeal and Error—Questions of Fact — Verdict.**

Negligence, and the value of property lost by reason of same are questions of fact, and when submitted to a jury under proper instruction, and there is any evidence reasonably tending to support the verdict of the jury, and the judgment of the court based thereon, the same will not be disturbed on appeal.

## 4. Same—Judgment Sustained.

The record in this case examined, and held, that there is evidence tending to and sufficient to support the judgment.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Gasper Edwards, for plaintiff in error.

Lawrence Mills, for defendant in error.

Action by Colin S. Campbell against Merchants Southwest Transfer & Storage Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Opinion by JONES, C. This action was instituted in the district court of Oklahoma county by appellee, plaintiff in the trial court, against appellant, defendant in the trial court. The plaintiff, Campbell, alleges for his cause of action that in the year of 1919 he stored certain household goods with the Merchants Transfer & Storage Company, which at that time was engaged in the transfer and storage business. That in the year of 1920, the appellant herein, the Merchants Southwest Transfer & Storage Company, became the successors of the Merchants Transfer & Storage Company and continued to operate and conduct the business and took over all of the business of the Merchants Transfer & Storage Company, including the household goods of this appellee, among which was one barrel of silverware. Plaintiff further alleges that he paid all storage charges when due and that in 1921 the appellee called for the barrel of silverware in storage, which was delivered to him at his residence, and upon an examination he found that the head of the barrel had been knocked in and recovered with a gunny sack, and that many articles of value were missing from said barrel; that a list of the contents of the barrel was made and preserved by the appellee at the time same was placed in storage, and that in rechecking same it was disclosed that a large number of the pieces contained had been removed, and are alleged to be of the value of $608.

Appellee alleges that he immediately notified appellant, and that while appellant made no investigation concerning the matter, they did thereafter send one of their clerks or agents in company with the appellee to the wholesale house where a purchase was made of all plated silverware missing, but failed and refused to replace numerous pieces of solid silverware that appellee contends were missing.

Appellant filed his answer in the nature of a general denial, to which the plaintiff replied by a general denial. The case was tried and submitted to a jury and a verdict was returned in favor of the plaintiff for $580.50, motion for a new trial was duly filed and overruled, and judgment rendered in accord with the verdict of the jury, from which order and judgment the appellant prosecutes this appeal, and sets forth various specifications of error, and in its brief argues the following propositions:

(1) There was no evidence of negligence on the part of plaintiff in error, and negligence cannot be inferred but must be proved.

(2) There was no competent evidence as to the value of the alleged lost silverware.

(3) The court erred in allowing the plaintiff to prove by hearsay the value of the goods. And calls attention to section 11143, Comp. Stat. 1921, which is as follows:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care."

The facts, as disclosed by the record, show that the barrel of silverware in question was stored in a vault and kept under lock and key at the time it was redelivered to the owner thereof, appellee herein. Just the manner in which it was stored originally when delivered to the Merchants Transfer & Storage Company is not disclosed, and one of the witnesses testified that he opened the barrel or knocked in the head at the time in was redelivered for the purpose of identifying the same; that there was no tag or marks on the barrel which would indicate the ownership thereof, and it became necessary in order to identify the owner to open the barrel, and that he afterward placed the gunny sack over the barrel head, and no explanation was made or proof offered, showing the manner or cause of the missing goods, and under this state of facts the appellant contends that it is not liable, that no negligence was shown, and that it is not an insurer of goods entrusted to it for storage. Plaintiff alleges that at the time the goods were delivered to the original storage company, that the company was advised of the value of the contents of the barrel, and on the other hand, the appellant herein denies any knowledge of the value of

the goods contained in the barrel as alleged by the plaintiff.

The appellee makes the contention that proof to the effect that the goods had been removed from the barrel and were missing at the time same was redelivered to the owner is sufficient proof of negligence and lack of proper care on the part of the storage company to show that the loss of such goods should not be charged to them, and that they are not responsible for such loss, and calls attention to the rule announced in 6 Cyc., p. 1158, as follows:

"In some of the older decisions it was held that the loss or injury raised no presumption of negligence. A bailee is not an insurer of the goods and when they are lost or damaged, it was said that the law which never presumed any man negligent, would rather attribute the loss to excusable causes. It was not enough for plaintiff to prove the loss or injury, but it was held that he must go further and must show that the same had occurred by defendant's negligence.

"The rule adopted in the more modern decisions is that the proof of loss or injury shall be a sufficient prima facie case against the bailee to put him upon his defense. Where chattels are delivered to the bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes negligence to be the cause and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part."

And the rule as announced in the latter paragraph of the citation seems to be the rule followed in this jurisdiction, and in support thereof appellee cites the case of Stack v. Gudgel, 60 Okla. 32, 158 Pac. 1144, wherein a similar question arose by reason of a certain requested instruction on the part of the defendant, which is as follows:

"You are instructed, gentlemen of the jury, that the relation of bailor and bailee existed in this case between the plaintiff and defendant, and that the storage operated by the defendant is called a depository for hire, and that as such storage, the defendant was compelled to use ordinary care for the preservation of the goods stored with the defendant by plaintiff; and if you believe from the evidence that the defendant parted with the possession and control of the box so stored to another not the plaintiff, and in good faith, and believing that the party to whom the box so delivered was the plaintiff or his agent, then you must find for the defendant"

—which was refused by the trial court, and the action of the trial court was sustained by this court holding that the rule as announced in the requested instruction is not a correct rule. The court also in the case of Stack v. Gudgel, supra, announced the rule as to the measure of damages in such case as follows:

"In an action to recover against a bailee for hire for loss of household goods where the goods have a market value, the measure of damages for such loss is the cash market value thereof, and where such articles have no market value, the measure of damages is the value of the goods to the owner; not any fanciful value, which he might place upon them, but such reasonable value as from the nature and condition of the goods and the purpose to which they were adapted and used, they had to him."

The facts in this case are presented in a different manner and from a different viewpoint, from the question raised in the case of Stack v. Gudgel, but practically the identical facts and law were involved, and we think the rule announced in that case is applicable in this, and disposes of the contention of the appellant, both as to the liability of the storage company and as to the question of the measure of damages. The evidence on the question of the value of the goods is not of the most satisfactory character, but there being some competent evidence on this point, and no witnesses being called on the part of the defendant to contradict or refute the testimony offered by the plaintiff, we think renders the evidence offered sufficient to sustain the verdict, and finding no material error in the record, we recommend that the case be affirmed.

By the Court: It is so ordered.