(Hamilton County Common Pleas.)

## W. J. BEHYMER et al. v. The METRO-POLITAN LIFE INSURANCE COMPANY.

---

Estoppel—Waiver of forfeiture where the conditions of a life insurance policy requires that suit be brought within six months after death of the insured.

---

SAYLER, J.

The plaintiff brings suit on a policy of insurance on the life of Lena Harger for $144, payable to John L. Harger, and assigned to the plaintiffs. Plaintiffs say they prepared all proofs of death of said Lena Harger, and delivered the same, together with said policy and premium receipts, to the defendant; that the company refused to pay, and they ask judgment.

The defendants answer that the policy provides that: "No suit shall be brought or action commenced against said company under this * * * policy after six months from date of death of the insured; it being

understood and agreed that if any such suit or action be commenced after the said six months. the lapse of time shall be taken as conclusive evidence against any claim, the provisions of any and all statutes of limitation to the contrary being expressly waived." And the defendant says the insured died July 17, 1892, and that no notice or proofs of her death, were made or given to it within six months after her death, and that no suit or action was brought under said policy until May 26, 1893, and the defendant asks to be hence dismissed.

The plaintiffs reply and say that on January 30, 1893, and after the expiration of six months from the death of said insured, they gave notice of her death and date of same to the defendant, and of the transfer of said policy to them, and "on the request of and at the direction of the defendant, made through and by its superintendent and manager at Cincinnati, Ohio, they did prepare, at great expense, and file with the defendant all proofs of death required by the defendant, together with said policy and premium rceipt book;" that said policy contains a provision. that "before any payment can be claimed under this policy the policy and premium receipt book must be surrendered;" that the defendant accepted the same, and that with full knowledge of all the facts did, on February 23, 1894 pay said insurance money to said John T. Harger instead of to these plaintiffs.

The defendant demurs to this reply.

The defendant relies on the case of Armstrong v. Agricultural Insurance Co., 130 N. Y. 560. In that case a policy of insurance against fire was issued to Brown, the owner, loss payable to Armstrong, mortgagee, the plaintiff in the case. The policy contained a condition that "if proceedings shall be commenced to forclose any mortgage upon the insured property * * * then this entire policy and every part thereof shall be null and void, unless the written consent of the company "is obtained. The plaintiff, Armstrong, commenced an action to forclose his mortgage without obtaining the company's consent, and by doing so the condition quoted was broken, and the policy was void from that date. On February 2nd, Armstrong mailed a letter to the company, notifyng it of said foreclosure action, and that it had been commenced without discovering the clause against it in the policy and asking consent to continue the action; to which letter no reply was ever made. This action on the mortgage was commenced on February 4th, and on February 10th the buildings burned. Brown refused to make prco's, and thereupon Armstrong made proofs and sent them to the company, and whereupon the company notified him by letter that it declined "to accept or receive such papers as a proof of loss under said policy, upon the ground that they are not executed by the assured mentioned in the policy, as required by the conditions of the policy." Brown again refused to make

proof, and an affidavit of the request on him and his declination sent to the company. Whereupon it replied that it "did not see how these affidavits obviated the objection already made." The court below held that there was a waiver of the forfeiture by the failure of the company to reply to the letter of February 2, and upon the demand, implied from the letter of March 24, that plaintiff should furnish it with proof of loss made and sworn to by the owner of the property. The court of appeals reversed this finding. That court held that there was no obligation on the company to answer the letter of February 2, and that there was no implied demand by the letter of March 24 for proofs.

In this case the company had two defenses. That the terms of the policy had been violated, and that the proofs were not made by the assured. The court holds that the company was not bound to do anything which would preclude it from taking advantage of both, or which would notify the assured of its proposed line of defense. The law imposed no such hardship upon it. It had therefore the right to demand strict compliance with the condition as to the service of proof of loss.' "But it is said that the defendant should then have asserted the forfeiture of the policy, and failing to do so, it waived it. But if it had placed its refusal to pay upon that ground, it would not have been permitted to set up and rely upon defective proofs." Ib. 566.

The court expressly say that the company made no demand respecting the proofs served. "It pointed out to him the fact that in its interpretation of the contract, he was not the assured, and the implication was that that term applied to the owner of the property, and proofs must be made by him to fulfill the condition of the contract. That this was an act of entire good faith towards the plaintiff is apparent. It required no action from him, and put upon him no trouble or expense, but left him free to stand upon his interpretation of the contract if he chose, and it gave him the opportunity, if he desired, and could do so, to remove a possible objection to his claim." Ib. 566.

Now, in the case at bar, the company had only one defense: That the action was not brought within six months from the date of death of the insured. The reason of the rule laid down in Armstrong v. Insurance Company therefore does not exist. There was no reason why the company should not have asserted the bar of the contract, when the plaintiff, after the expiration of the six months notified it of the death of the insured.

All of its rights would have been thereby preserved.

It did not do so, but on the contrary, at its request and direction, proofs were made at large exense and delivered to, and accepted by it, together with the policy and the premium receipt book.

It was not necessary for the company to have proofs in order to determine that the action was not brought within six months; it had that information already. It would not want proofs to determine the validity of a barred policy; it could only want them to determine the validity of an existing contract of insurance. Under its direction expense was incurred in making proofs. This would seem to bring the case under the general rule announced by the court in Armstrong v. Insurance Company, supra, p. 564, that "the rule is now established, however, that if, in the negotiations and transactions with the assured after knowledge of the forfeiture, it recognizes the continued validity of the policy, or does acts based thereon, or reqires the insured to do some act or incur some trouble or expense, the forfeiture is waived."

The court, in Armstrong v. Insurance Company, say that there exists an element of estoppel in cases of waiver of a forfeiture. Now, in that case clearly there was no element of estoppel; the plaintiff was not induced to change his position or incur any expense by any request or direction of the company, and in fact he did not change his position or incur any expense. In the case at bar, however, the plaintiff, at the request and direction of the company, did incur, as stated in the reply, "great expense," and did surrender to the company the policy and premium receipt book which were received by the company. It would seem that the element of estoppel exists in this case.

It seems to me, under the doctrine laid down in Armstrong v. Insurance Company, the reply set up matters which operate as a waiver of the condition of the policy requiring suit to be brought within six months after the death of the insured.

The demurrer to the reply will be overruled.