## ESSEX v. FIFE et al.

No. 3939—Opinion Filed Nov. 6, 1917.

(168 Pac. 814.)

(Syllabus.)

**1. Replevin—Action—"Real Party in Interest."**

Where F. was in actual possession of an automobile, owned by his adult daughter, and had the right to use same at will, he has such a special ownership and interest in the property, and is the real party in interest within the scope and meaning of the statute (Rev. Laws 1910, § 4681) to maintain an action for replevin in his own name against E., who claims right of possession and ownership through a trade made with F.

**2. Replevin—Right of Action—Intervener.**

In order to support replevin, the right of the intervener to recover the property in controversy must exist at the time he intervenes, and where the undisputed proof is to the effect that intervener was not entitled to possession of the property at the time of his intervention, a peremptory instruction for the plaintiff is not reversible error.

Miley, J., dissenting.

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Replevin by R. H. Fife against Frank Haskett and another, in which W. F. Essex intervened, claiming the property. Verdict for plaintiff, and intervener brings error. Affirmed.

[Former opinion, published in 159 Pac. 1009, withdrawn.]

Harris & Nowlin, for plaintiff in error.

Asp, Snyder, Owen & Lybrand, for defendants in error.

OWEN, J. This is an action in replevin, brought by Fife in the district court of Oklahoma county, to recover possession of a certain automobile from the Palace Garage Company. Essex intervened in the action. Judgment below was for Fife, and Essex brings the case here.

Plaintiff in error urges three assignments of error: First, that the court erred in holding Fife was a proper party plaintiff; second, in directing a verdict in favor of Fife; third, in refusing to direct a verdict in favor of the plaintiff in error.

It appears from the record that the automobile was owned by the adult daughter of Fife; that he was authorized by her to

trade it for real estate, and entered into a trade with Essex by the terms of which he was to exchange the automobile for certain town lots; that he left the automobile in a garage at Norman to be delivered to Essex when called for. Essex called for the car and removed same to Oklahoma City. Soon thereafter Fife demanded the return of the car from Essex, claiming that Essex had breached the terms of the contract of exchange by failure to deliver an abstract showing a clear title to the lots. Upon the refusal of Essex to redeliver the car to Fife the action was brought. It appears that Fife was authorized by his daughter to use the machine as his own, and was in the actual possession of it at the time he left it in the garage to be delivered to Essex. Plaintiff in error urges that, the daughter being the owner of the car, she was the real party in interest, and that Fife had no such interest as would make him a proper party plaintiff. It is an elementary principle that either a general or special property in a chattel is sufficient to maintain replevin. Actual possession and a right to use property at will is sufficient to support replevin. Cobbey on Replevin, § 142; Tandler v. Saunders, 56 Mich. 142, 22 N. W. 271. Fife, having actual possession and the right to use the car, was a bailee at the time he parted with the possession by leaving the car at the garage for Essex. That a bailee may maintain replevin there can be no question. Cobbey on Replevin, § 133. Bailment is the transfer of the possession of personal property without the transfer of ownership for the accomplishment of a certain purpose. The object of bailment may be as varied as the transactions of man, and is made for the purpose of safekeeping, ordinary use, and for sale. Hale on Bailment, p. 1; Story on Bailments, § 2; Maltz v. State, 36 Tex. Cr. R. 447, 37 S. W. 748. In the instant case the bailment was for ordinary use and for sale or exchange. Fife, having the right to use the automobile at will and the possession of the same at the time it was taken by Essex, had the right to maintain the action in his own name.

This brings us to the second assignment of error based upon the action of the trial court in directing the verdict for Fife. When Essex intervened in the action and filed his cross-petition, alleging that he was the absolute owner of the automobile at the time of the commencement of the action he became, to all intents and purposes, the plaintiff in the action as against Fife, and assumed the burden of proof to sustain his allegation of ownership. The undisputed proof is that the trade was to be consummated by Essex delivering to Fife an abstract showing clear title to the real estate and a warranty deed conveying the same, whereupon Fife was to deliver his promissory note for $1,600 and the automobile to Essex. The abstract was delivered by Essex, but it showed an outstanding lease on the premises and not a clear title. He was not entitled to possession of the automobile under these conditions. To recover in this action it was incumbent upon him to show he was the owner of the automobile and entitled to the possession thereof at the time he intervened in the action. In the case of Tulsa Rig, Reel & Mfg. Co. v. Arnold, 64 Okla. 160, 166 Pac. 135, this court, in an opinion by Chief Justice Sharp, said:

"In order to support replevin, the right of the plaintiff to recover the property in controversy must exist at the time the action is commenced, and instructions which disregard this cardinal rule and permit a recovery upon a title subsequently acquired constitute a flagrant violation of one of the first principles in the law of replevin. At the time the action was brought the plaintiffs were not entitled to possession of the property, because they had failed to discharge the conditions imposed upon them by the agreement of May 13, 1911."

It appearing from the undisputed proof that Essex was not entitled to the possession of the automobile at the time of the commencement of this action because he had failed to comply with the conditions imposed upon him to deliver a clear title, it was not error for the court to direct a verdict in favor of Fife. The judgment of the lower court is affirmed.

MILEY, J., dissents. All the other Justices concur.