**BOSTON CLEANERS & DYERS, Inc., v. FEATHERSTONE.**

No. 22855.    March 20, 1934.

520

Chas. W. Wortman, for plaintiff in error.

Joe W. Simpson, for defendant in error.

SWINDALL, J. The facts in this cause disclose that plaintiff below, C. G. M. Featherstone, operated a cleaning and pressing shop through a managing agent named Noble, that plaintiff in error, defendant below, operated a wholesale dry cleaning plant, and that customarily plaintiff sent clothes gathered from his customers to defendant to be cleaned. He became indebted, under defendant's theory, to it in the sum of approximately $58 for cleaning done over a period of months. Defendant declined to accept any more business from plaintiff, and the manager, Noble, according to defendant's evidence, agreed that if it would clean the clothes involved in this action, it might hold them until the entire bill was paid, that past due as well as the immediate charges. After the defendant took the clothes and cleaned them, plaintiff demanded their return, tendered the immediate charges, and upon defendant's refusal brought suit in replevin for their recovery. At the close of the evidence, the trial court withdrew the case from the jury and gave judgment for plaintiff for possession of the property described, or for $97 value in the alternative.

Plaintiff in error contends that the manager, Noble, had authority to make the agreement stated, and that, therefore, the past-due bill not having been paid or tendered, it was entitled to hold the clothes under its contractual lien. This contention is wholly without merit. Whatever authority Noble may have had from Featherstone to create a lien upon the clothes for his existing indebtedness, it is perfectly obvious that he had no such authority from the owners of the clothes, his customers; and there was no appearance of such authority, for the defendant well knew the condition under which plaintiff held them. One cannot create a contractual lien upon the property of another without the owner's assent. Conrow v. Little, 41 Hun (N. Y.) 395; Ludwick v. Davenport-Treacy Piano Co., 112 N. Y. S. 1023; Pennington v. Reliance Motor Company, Ltd., 1 K. B. (1923) 127. Nor hypothecate it for his own indebtedness. Bradley v. Spofford, 23 N. H. 444, 55 Am. Dec. 205; Cassils & Co. v. Holden Wood Bleaching Co., 112 L. T. (Eng.) 373. Neither could plaintiff assign his own lien interest to defendant, for it was dependent upon possession. Section 10985, O. S. 1931. Defendant, then, the question of his own right to a lien for work done having gone out of the case by reason of tender therefor, was a wrongful holder. Plaintiff was a proper person to make demand and a proper person to bring suit for the return of the goods. Bradley v. Spofford, 23 N. H. 444, 55 Am. Dec. 205; Essex v. Fife, 67 Okla. 55, 168 P. 814.

The judgment of the court of common pleas of Tulsa county, Okla., is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur.