## WESTBROOK v. GENERAL MOTORS ACCEPTANCE CORP. et al.

No. 23398.    June 25, 1935.

J M Springer, for plaintiff in error E. J. Westbrook.

Pierce, McClelland, Kneeland & Bailey, for defendant in error General Motors Acceptance Corporation.

G. A. Chappell, for defendant in error Sarah A. Crumley.

PER CURIAM. On the 23rd day of January, 1931, Sarah A. Crumley signed an order for the purchase of a new Buick automobile from the Stillwater Buick Company at the price of $1,995. It was agreed as a part of this transaction that her old car was to be taken in on the deal at the price of $1,400, and with the balance of $555 to be paid when the new car was delivered to her. Previous to that time she had been keeping her old car in the Stillwater Buick Company garage, and it continued to remain there after this purchase order was signed up. No bill of sale, however, was ever delivered for the old Crumley car, but on the 30th day of January one of the agents of the company went to Mrs. Crumley and had her assign her certificate of title to the old car in blank.

Previous to this time, and on the 27th day of January, 1931, and at a time when the Stillwater Buick Company did not have either bill of sale or assignment of certificate of title, it entered into a conditional sales contract on this car with Allan Hays for the purported price of $1,498.25, with deferred monthly payments thereon in the total sum of $923.25, and on the same day discounted this paper with the General Motors Acceptance Corporation for the cash sum of $825.25. This conditional sales contract was not filed in the office of the county clerk of Payne county until too late to give the filing any legal significance by way of constructive notice in this action.

On the 5th day of December, 1930, E. J. Westbrook had also entered his order with the Vermillion-Metzgar Motor Company (corporate name for the Stillwater Buick Company) for a new Buick car, and for down payment gave it a deed to two lots in the city of Stillwater for an agreed credit of $450 on the contract. On account of its financial difficulties the Vermillion-Metzgar Motor Company (Stillwater Buick Company) was not able to obtain a new car to make delivery to Westbrook, and on the 23rd day of February, 1931, it sold him the Crumley car and (in addition to the deed to the two lots theretofore given) he gave it his check therefor in the sum of $937.45.

Allan Hays was vice president of the Stillwater Buick Company (Vermillion-Metzgar Motor Company) and was its active agent in handling all of the transactions mentioned, including the taking of the Crumley new car purchase contract, the purported sale by his own company to him of the old Crumley car, the discount of his own paper for the Stillwater Buick Company to the General Motors Acceptance Corporation, and the later sale of the Crumley car to Westbrook.

In the month of April, 1931, the Stillwater Buick Company (Vermillion-Metzgar Motor Company) went into the hands of a receiver, and the Crumley car comes into this case as the only salvage to Mrs. Crumley, E. J. Westbrook, and the General Motors Acceptance Corporation for the contracts and considerations mentioned.

The General Motors Acceptance Corporation brought this action against E. J. Westbrook in replevin for the car. Westbrook answered claiming title and pleading innocent purchaser. Sarah A. Crumley intervened and claimed that she had never parted with title to her car. The General Motors Acceptance Corporation pleaded innocent purchaser, and all parties denied the allegations of innocent purchaser on the part of the others.

Upon trial in the district court, a jury was impaneled, and, at the conclusion of all the evidence, the trial court instructed the jury to return a verdict in favor of Sarah A. Crumley, and E. J. Westbrook and the General Motors Acceptance Corporation have appealed to this court.

Much contention is made by both Westbrook and the General Motors Acceptance Corporation that the trial court erred in allowing the defendant in error, Sarah A. Crumley, to intervene in the case at all and set up her claim to the car. This court has disposed of this question in favor of the intervention of Mrs. Crumley in the case of Farmers State Bank v. Hess, 138 Okla. 190, 280 P. 305. All three parties were claiming ownership of the same car, and it would not even be sensible to require Mrs. Crumley to stand aside and wait for the end of this litigation and then bring another action with respect to the identical subject-matter against the winner of the first suit. It would have been an abuse of discretion if the trial court had refused to allow this intervention.

Upon trial, there was ample evidence submitted to justify the jury in finding either that Mrs. Crumley had made a completed sale accompanied by delivery of her car, or in finding that, on the other hand, it was at most a sort of unexecuted or conditional sale, to become complete upon the delivery to her by the Stillwater Buick Company of a new car, and that her signature to the assignment in blank to the certificate of title was procured under such circumstances as to constitute forgery in the second degree, and that whatever possession Allan Hays and the Stillwater Buick Company had of the car was that of trustee.

There was ample evidence to justify the jury in finding either that E. J. Westbrook was an innocent purchaser of the car in question, or in finding that sufficient facts appeared, both by way of erasures and changes in the certificate of title and by way of actual knowledge as shown by former testimony given by him, to put him upon that inquiry which is legal notice.

As matter of course, if there was a completed sale and delivery to Mrs. Crumley of her car to the Stillwater Buick Company, and if Westbrook was not an innocent purchaser, then the jury would have been justified in returning a verdict in favor of the General Motors Acceptance Corporation; and there was sufficient evidence to justify the jury in returning that verdict.

There was no clear and controlling rule of law which entitled any party to recover without taking into consideration the disputed facts before the jury, nor did the trial court seem to bottom his peremptory instruction upon any rule of law, but rather his conclusions as to the facts. Before giving his peremptory instruction, the court indulged in a long summation of the evidence, and wound up with the expression of opinion as to Mrs. Crumley:

"That she of the three is the most innocent, and looking at the whole case, I believe that she should have the car."

And we would not be inclined to question this conclusion if it were the conclusion of the jury under proper instruction instead of the conclusion of the court. The jury were the sole judges of the facts proven in the case, and no legal justification existed for the invasion by the court of their province in this respect. The case sounded purely in law and not in equity, and there being clear legal issues pleaded by all parties, and ample evidence offered to sustain each theory submitted, it was error for the trial court to give the jury a peremptory instruction as to their verdict.

The judgment is reversed and cause remanded, with directions to grant a new trial and for further proceedings consistent herewith.

The Supreme Court acknowledges the aid of District Judge E. A. Summers, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.