## ROZEN v. MANNFORD STATE BANK.

No. 26055.    May 26, 1936.

Morrie Kirschner, for plaintiff in error.

Chas. E. Webster, for defendant in error.

PER CURIAM. This is an action in replevin originally instituted in the superior court of Creek county by Mannford State Bank of Mannford, Okla., as plaintiff, against L. C. Clifford and John Schoolcraft, as defendants, to recover the possession of certain oil well casing. Harry Rozen, sole trader, doing business as Alrose Pipe & Supply Company, was permitted to intervene in the action.

In its petition plaintiff alleged that it had a special ownership in and was entitled to the immediate possession of 2,600 feet of five-inch casing by virtue of a certain chattel mortgage executed to it by the defendant L. C. Clifford, and that the terms of said mortgage had been broken and violated, and that the defendant John Schoolcraft was unlawfully withholding said property. Answer of L. C. Clifford admitted all of the allegations of plaintiff's petition. The answer of the defendant John Schoolcraft, after a general denial, pleaded specifically that the property taken in replevin was not the property described in plaintiff's chattel mortgage, and that if it was, plaintiff had converted the same while it was in custodia legis and had thereby waived any lien which it might have had on said property, and further pleaded that he had purchased the property in good faith and had sold the same to one Harry Rozen prior to the institution of the action in replevin. Harry Rozen, sole trader, doing business as Alrose Pipe & Supply Company, applied for and was granted permission to intervene in the action, and thereupon filed an answer and cross-petition wherein he denied generally and specifically the allegations of plaintiff's petition, and asserted his own title to the property by virtue of a bill of sale from the defendant John Schoolcraft, and further pleaded that plaintiff had converted the property while it was in custodia legis and had thereby waived any lien which it might have previously had on said property. Replies to the several answers and answer to the cross-petition were in the nature of general denials. Upon the issues thus presented, the parties waived a jury and tried the cause to the court. From a judgment in favor of the plaintiff, the intervener appeals. The parties will hereinafter be referred to as plaintiff and intervener.

The intervener assigns seven specifications of error and presents them under four propositions which may be summarized as: (a) Error in overruling the intervener's demurrer to plaintiff's petition; (b) error in the court's conclusions of law; (c) error in failure to render judgment for intervener; (d) error in overruling the intervener's motion for new trial.

In view of the conclusions that we have reached in this case, we deem it unnecessary to discuss these several propositions separately.

The record reveals that on November 7, 1930, L. C. Clifford was the owner of the property in controversy and that on that date he mortgaged it to the plaintiff. At the time the property was mortgaged it was located on certain lots in the town of Mannford, Okla. Subsequently the mortgagor and the mortgagee moved the property to Sapulpa and rented it to certain parties, and thereafter they placed John Schoolcraft in possession of the property under a verbal agreement whereby he was given an option to purchase the same at a specified price per foot within a given time or else to pay rental for the property. The option to purchase was never exercised, neither was the rental paid. However, Schoolcraft placed the casing in a well near Drumright, where it remained for about a year. On July 26, 1933, Schoolcraft attempted to sell the casing to the intervener at a price of 17 cents per foot, with a proviso that the intervener was to

pull the casing and to make payment when the pipe was tallied, and as evidence of the transaction Schoolcraft gave to the intervener a bill of sale of the casing. Intervener had the casing pulled by Mr. Osborn and paid him the sum of $202.30 for the work done, but did not pay Schoolcraft the agreed purchase price. On August 9, 1933, the plaintiff commenced this action and took possession of the pipe. Rozen offered to relinquish his claim thereon if the plaintiff would reimburse him for the money which he had expended in pulling the casing, but the bank declined to do this. The intervener offered to pay into the court the sum of $442, which he had agreed to pay Schoolcraft for the casing and which offer was conditional upon delivery of the pipe to said intervener. Intervener also introduced proof to show that the pipe was actually worth $1,201 at the time that it was seized in the replevin action.

Since Harry Rozen claimed title to the property in controversy, he was properly permitted to intervene in the action. Westbrook v. General Motors Acceptance Corp., 173 Okla. 66, 47 P. (2d) 114. When this was done the intervener assumed the position of plaintiff in the action and thereafter had the burden of proving his right to the possession of the property by clear preponderance of the evidence. Essex v. Fife, 67 Okla. 55, 168 P. 814; Miller v. Miller, 174 Okla. 573, 49 P. (2d) 189.

The parties devote considerable space in their briefs to a discussion of the effect of a sale of property in custodia legis and cite numerous decisions of this court with reference thereto. We are of the opinion, however, that this question is not involved in this appeal and that the authorities cited have no application to the facts herein presented. It will be noted that the mortgagor, L. C. Clifford, admitted the allegations of the plaintiff's petition and made no complaint with respect to the action taken by the plaintiff in the case. While the defendant Schoolcraft alleged that he had purchased the property in good faith and had sold the same to the intervener, no proof was offered to support the allegations of purchase on his part and no effort was made to show that he had ever had any title to the property. The only evidence in this connection indisputably shows that Schoolcraft was the mere bailee of the property with an option to purchase the same under certain conditions and at a certain price, and that this option was never exercised. He therefore had no title to the property

and could convey none to the intervener. Therefore, in so far as John Schoolcraft and the intervener were concerned, it was immaterial as to what, if anything, the plaintiff had done with the property. The court therefore committed no error in overruling the demurrer of the intervener to the plaintiff's evidence; on the contrary, it would have been justified in sustaining a demurrer to the evidence of the intervener. As we said in Essex v. Fife, supra:

"In order to support replevin, the right of the intervener to recover the property in controversy must exist at the time he intervenes, and where the undisputed proof is to the effect that intervener was not entitled to possession of the property at the time of his intervention, a peremptory instruction for the plaintiff is not reversible error."

Since the intervener wholly failed to sustain the burden which rested upon him to establish his claim of ownership and possession, the conclusions of the court were in all respects correct and proper, and the contentions of the intervener with respect thereto, as well as to the action of the court in denying judgment in favor of the intervener and in overruling his motion for new trial, are without merit. The judgment of the trial court will therefore be affirmed.

Judgment affirmed.

RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.