MORAL INSURANCE COMPANY, a Corporation, Plaintiff in Error,

v.

T. J. COOKSEY, d/b/a Cooksey Tire & Battery Service; and Cecil Smith, Individually, and as Chief of Police of the City of Ada, Defendants in Error.

No. 35941.

Supreme Court of Oklahoma.

June 14, 1955.

224

J. G. Follens, Tulsa, for plaintiff in error.

Harrell & Trice, by A. W. Trice, Ada, for defendant in error T. J. Cooksey.

WELCH, Justice.

Moral Insurance Company, a corporation, sued T. J. Cooksey, d/b/a Cooksey Tire and Battery Service, for the possession of an automobile which Moral claimed to own, and for damages.

Pursuant to affidavit and bond a writ of replevin was issued and thereunder the automobile was delivered into the possession of the plaintiff.

Cooksey claimed a lien on the car and cross-petitioned for $160.60 for towage, storage and car service charges, and for foreclosure of lien, and attorney's fees. Defendant also sought exemplary damages. From the commencement of the action plaintiff Moral had possession of the car under its replevin writ.

Essential facts are as follows: One Hall originally owned the car and Moral insured against its loss. Apparently it was stolen from Hall in the City of Sulphur and driven to the City of Ada, and there abandoned on a street or alley. Police found it and directed Cooksey to tow it to his garage and there store it, which he did. About four and a half months later Moral located the car in the Cooksey garage and demanded possession. Meantime Moral had paid Hall for the car loss and Hall had assigned title to Moral. A dispute arose between Moral and Cooksey as to the amount of Cooksey's claim, or as to the right of Cooksey to make any such claim. Moral refused to pay, Cooksey refused to relinquish possession of the car, and this action followed.

Trial resulted in judgment for Cooksey for the claimed $160.60 with interest, for $250 attorney's fee, and for $500 exemplary damages.

On appeal the plaintiff asserts first that:

"One furnishing tow charges or storage upon an automobile under an oral agreement with the person in possession thereof other than the owner or his agent acquires no lien thereon."

Plaintiff cites Boston Cleaners & Dyers, Inc., v. Featherstone, 167 Okl. 519, 30 P.2d 874; Degroff v. Carhart, 97 Okl. 145, 223 P. 180 and Holland v. Whiteside, 171 Okl. 397, 43 P.2d 57.

This contention might well be applicable where the possession is wrongful or where the rightful possession is a strictly limited possession, as in those cited cases. Likewise, we appreciate the situation as between mortgagor, mortgagee and garage lien claimant when the question arises as to priority of liens; however, we think all those cases distinguish themselves from this one on the facts.

When the Ada police found this car where it had been abandoned, it was the right and the duty of the police to remove the car from the thoroughfare both to eliminate it as a traffic hazard, and to preserve and protect it for the owner whenever he might be found. When the police assumed control and took custody of the car that possession was a lawful possession, and when they procured or directed Cooksey to tow and store the car his possession was wholly lawful. There is no contention that the method adopted by the police to remove the car and care for it was not a normal and reasonable thing to do.

We are cited to several cases containing reference to various statutory provisions for liens on chattels in stated instances of certain work performed, or materials furnished "for any person." Such provisions are generally construed as requiring an agreement or contract between the parties for the existence of the statutory lien; that the lien therein provided to a workman or materialman is conditioned on the work or material being furnished at the instance of the owner of the chattel, or the owner's agent.

In statute, 42 O.S.1951 § 6, it is stated:

"A lien is created:

"1. By contract of the parties; or,

"2. By operation of law."

42 O.S.1951 § 91 provides:

"Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by labor or skill employed for the protection, improvement, safekeeping or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any,

which is due to him from the owner for such service."

In 15 O.S.1951 §§ 511, 514, it is provided:

"One who finds a thing lost is not bound to take charge of it; but if he does so, he is thenceforward a bailee for the owner, with the rights and obligations of a bailee for hire.

\* \* \* \* \* \*

"The finder of a thing is entitled to compensation for all expenses necessarily incurred by him in its preservation, and for any other service necessarily performed by him about it, and to a reasonable reward for keeping it."

Thus by statute a situation or status of bailment is created when one who finds a lost thing takes charge of it, although there is no actual agreement between parties. The finder in charge of a lost thing is made a bailee for hire of the owner and is entitled to compensation for preserving and protecting the property.

Herein, in undisputed evidence, it was shown that the automobile involved became lost from the possession of its owner, or stolen from him, and later abandoned in a distant city by some unknown person. See 34 Am.Jur. 631, and Flood v. City National Bank of Clinton, 218 Iowa 898, 253 N.W. 509, 95 A.L.R. 1168, and annotations P. 1176. The police of the city discovered the abandoned automobile and requested that the defendant take charge of it. The defendant towed the automobile to his garage and there stored it while awaiting the discovery of the owner.

In this state of fact, under the statutes last above mentioned, the defendant became a bailee for the owner of the lost property, with the rights of a bailee for hire, and with right to compensation for services performed necessary to the preservation and protection of the property. In clear terms section 91, supra, secures a special lien to a person who, while lawfully in possession of an article of personal property, renders services to the owner by labor or skill employed for the protection of the property. See, Jones v. Bodkin, 172 Okl. 38, 44 P.2d 38; Williamson v. Winningham, 199 Okl. 393, 186 P.2d 644.

In the circumstances herein we hold the defendant had a lien on the automobile in his possession, such as provided by § 91, supra, and for the amount of reasonable charges for the services he performed in the preservation and protection of the property.

It is noted that there is no specific dispute as to the reasonableness of the charges made and asserted by the defendant as being for the preservation and protection of the property.

In the further circumstances of this case that the plaintiff has shown no right to the property without the payment or discharge of the defendant's lien, and that plaintiff has admittedly caused a removal of the property from defendant's possession and its removal beyond the court's power to restore possession or order sale of the property, it appears that the judgment for the defendant and against the plaintiff for the amount of the defendant's lien was proper.

The plaintiff contends the judgment for the defendant is erroneous to the extent of the sum of $250.00 allowed by the court as attorney's fee. The reasonableness or propriety of the judgment as to the amount thereof is not challenged. It is argued that the trial court was without authority to allow any recovery for attorney's fee to the defendant in that the defendant's claim of lien herein was based upon 42 O.S.1951 § 91, and that said statute, nor any statute prescribes a method or action for enforcing such lien.

42 O.S.1951 § 176 provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

It is argued that § 176 can have no application herein for the reasons above stated, that no action for enforcement of the lien provided by § 91 is therein authorized.

We have said that § 91, supra, provides a possessory lien, but no statute designates the remedy for enforcing a lien granted by that statute: Riggan v. Faulkner, 184 Okl. 605, 89 P.2d 311, and also that the ex-

istence of a "common law lien" is reiterated by the statute, § 91. Williamson v. Winningham, supra [199 Okl. 393, 186 P.2d 650.]

Although the statute declares a right existing under "common-law;" that is, the right to retain the possession of a chattel until a debt or demand due the person thus retaining it is satisfied, nonetheless, a statutory lien is provided. Although in the enactment by which the lien is provided there is prescribed no method for enforcing the statutory lien, it does not necessarily mean that the lien is unenforceable.

It has been truly said that liens in the abstract are nonexisting; that a lien that is unenforceable is a nullity; that the right to enforce a lien by sale of property to which it attaches is its essential characteristic. McClintic-Marshall Co. v. Ford Motor Co., 254 Mich. 305, 236 N.W. 792, 77 A.L.R. 807.

The Legislature is never presumed to have done a vain thing, and in the case of liens provided by statute, where the lien act makes no provision for enforcement thereof, there is no presumption thereby created that the lien is unenforceable, or that it was the intendment of the Legislature that the lien so provided would be unenforceable. In such cases we hold the liens so provided by statute are to be enforced in a court of equitable jurisdiction and, accordingly, that the lien provided by § 91, supra, may be enforced by civil action in the district court, a court authorized to determine matters of equitable cognizance.

The plaintiff next contends the judgment is erroneous to the extent of the sum of $500 awarded the defendant as exemplary damages.

Exemplary damages are authorized only in an action for breach of an obligation not arising from contract, and in addition to actual damages against one guilty of oppression, fraud, or malice, actual or presumed. 23 O.S.1951 § 9.

Herein the defendant asserted a lien against property and right of recovery thereon.

Further, the defendant alleged that the plaintiff brought the action with oppressive, malicious and fraudulent design to injure the defendant. However, these allegations were not pursued to the result of any judgment for actual damages.

Further, the defendant averred that the plaintiff was guilty of conversion against him. But with commencement of action by the plaintiff the property involved herein was taken from custody of the defendant lienholder under legal process, and under authority of the law, personal security was substituted in its stead so that with a failure of the plaintiff to return the property into custodia legis or to the defendant, the defendant lienholder would have ample protection, and could and did in this action have a full recovery on his lien claim.

We find no issue presented or recovery had for actual damages for breach of an obligation not arising from contract. Under all the circumstances involved we hold that the judgment in favor of the defendant and against the plaintiff for exemplary damages was unauthorized.

That portion of the judgment entered and based on the verdict for exemplary damages is reversed and vacated. Otherwise, and as thereby modified and corrected, the judgment of the trial court is affirmed.

Pursuant to motion and request of the defendant it is ordered and adjudged that the defendant have and recover upon the supersedeas bond filed herein and against the surety named therein such sums as are due under the said partial affirmance of the trial court judgment and it is directed that such judgment be entered and enforced in the trial court as if there rendered.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.