**E. A. GREER, Plaintiff in Error,**

v.

**YELLOW MANUFACTURING ACCEPT-
ANCE CORPORATION, a Corpora-
tion, Defendant in Error.**

No. 41051.

Supreme Court of Oklahoma.

Dec. 26, 1967.

51

Paul L. Washington, Oklahoma City, for plaintiff in error.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, by Page Dobson, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This action to replevy a 1959 Model GMC truck tractor (hereinafter referred to merely as "truck") was instituted in April, 1961, by defendant in error, as "plaintiff", after it had been brought here from out of the State, and plaintiff, who had been assigned

the conditional sales contract, under which it was sold, learned it was in Oklahoma City's Civic Center Garage.

The truck was originally sold under the conditional sales contract by a Florida truck sales corporation we will refer to as "Hunt", to one Robert H. Randall in that State during July, 1959. Hunt thereafter assigned said contract to plaintiff. The contract and a notice of plaintiff's lien claim were properly filed and recorded, and a certificate of title issued to Randall, all in accord with the laws of that State.

Randall became delinquent in paying installments on the truck's purchase price in July, 1960; and, a short time later that year, he sold it to one Ted H. Thompson in Georgia, furnishing Thompson a Georgia title.

Thereafter, Thompson took the truck to Indiana and, in December, 1960, upon his affidavit of ownership, obtained an Indiana certificate of title to it. On the 16th day of that month, he assigned this to plaintiff in error, hereinafter referred to as "intervenor". On March 15, 1961, intervenor obtained his own Indiana certificate of title.

When plaintiff discovered the truck in Oklahoma City the next month, and instituted this action, as aforesaid, Robert H. Randall was the only defendant named in its verified petition filed therein. Later, Civic Center Garage was also named a defendant; and plaintiff obtained possession of the truck under a writ of replevin served on said Garage.

Thereafter, intervenor, claiming that he was the truck's owner by reason of his purchase from Thompson in Indiana, further alleged (among other things) in his verified petition of intervention, and its amendment, that plaintiff had wrongfully taken possession of it under the aforementioned writ, and sought damages for said allegedly wrongful taking.

Thereafter, on May 9, 1963, the court permitted plaintiff to file an amendment to its petition, in which the facts concerning the truck's original sale, its title registration, and the filing of its conditional sales contract in the State of Florida were alleged in more detail. The last part of said petition amendment was as follows:

"* * *

"* * * plaintiff alleges and states that it intends to and does rely on the statutes of the State of Florida and asks that this court take judicial notice of said applicable Florida Statutes and common law under the authority of 12 O.S.A., Sec. 451 [541] and this pleading is notice to all adverse parties herein under the requirements of 12 O.S.A., Sec. 544 of such intent."

According to a statement signed by plaintiff's attorney, and attached to said petition amendment when filed, a copy thereof was mailed to the attorney for the intervenor the same day.

Eleven days later, or on May 20th, plaintiff filed an answer in the form of a general denial to intervenor's petition of intervention as amended; and the defendants, Randall and Civic Center Garage being in default, the cause proceeded to trial between the plaintiff and the intervenor before a jury.

As a part of its evidence, plaintiff introduced the conditional sales contract, under a stipulation which dispensed with its identification; but, neither Randall, nor any other witness to his execution of said instrument, testified to that alleged fact.

At the close of plaintiff's evidence, the intervenor's demurrer thereto was overruled. When intervenor thereafter introduced his evidence, and both parties rested, the trial court, on its own motion, and without objection, withdrew the cause from the jury's consideration, on the ground that the only issues involved were questions of law. After the jury had departed, the trial court allowed plaintiff, over intervenor's objection, to introduce in evidence an "Exhibit B" referred to as "the Indiana law", and took the case under advisement, with an announcement indicating it would be briefed. Sever-

al months later, the court entered judgment for plaintiff, upon expressly finding that the intervenor had "failed to sustain" his allegations. After the overruling of his motion for a new trial, intervenor lodged the present appeal on original record.

Intervenor's brief sets forth his arguments for reversal under four propositions, but, when his arguments under the first two of these are carefully examined, it is clear that the only error of the trial court asserted therein is his overruling of intervenor's challenge to the sufficiency of plaintiff's evidence. When these arguments are analyzed and condensed, it becomes apparent that they all evolve from the basic hypothesis that, in view of the issues joined by the verified pleadings, plaintiff had the burden (to establish a prima facie case) of proving that Hunt owned the truck, and that the conditional sales contract, under which it allegedly sold the truck to Randall, and which contract it assigned to plaintiff, was executed by Randall.

We have carefully considered all of the intervenor's arguments in any way pertinent to this matter, together with the authorities he cites, and, in view of Thompson's testimony concerning the relationship of Randall to plaintiff, and of plaintiff's right, title and interest in the truck at the time this witness claimed he purchased it from Randall in Florida (while the truck was in Georgia) and, upon consideration of authorities cited by plaintiff, including Rozen v. Mannford State Bank of Mannford, 177 Okl. 171, 58 P.2d 119, we have concluded that all of intervenor's arguments are inapposite, or for other reasons, do not support his position. While there are some obvious distinctions between the facts of the cited case, and those here, the intervenor here—like the intervenor there—failed to establish any right, title, or interest in the subject truck, prior, or superior, to the title and right to possession in plaintiff, which the latter's evidence, plus Thompson's testimony, tended to prove. We cannot say that the trial court's judgment in plaintiff's favor is not sufficiently supported by the evidence as a whole. In this connection, see Gentry v. Smith, Okl., 373 P.2d 71; Logan v. Logan, 197 Okl. 88, 168 P.2d 878, and other cases digested in 14 Okl.Dig., pgs. 311–317 under "Trial", Intervenor's arguments under his first two propositions therefore demonstrate no cause for reversal.

Under his Proposition III, intervenor argues, in substance, that, assuming plaintiff's compliance with the laws of Florida in taking the steps therein prescribed to protect its interest in the truck, the trial court should not have given effect to those laws in rendering judgment for plaintiff because those laws were not proved, and, under the circumstances, said court could not have properly taken judicial notice of them. Intervenor recognizes that since this State's adoption of the "Uniform Judicial Notice of Foreign Law Act" (Tit. 12 O.S.1961, §§ 541–547, both inclusive) such laws need not be introduced in evidence, as prescribed by Tit. 12 O.S.1961, § 484 (the same as O.S. 1931, § 319 applied in Hinds v. Atlas Acceptance Corp., 178 Okl. 474, 63 P.2d 29, cited by intervenor) if § 544 of said later enactment is complied with; but he infers that by the time his attorney received, through the mail, a copy of the hereinbefore mentioned amendment to plaintiff's petition (mailed May 10th, 10 days before trial, as aforesaid) giving him notice that the court would be asked to take judicial notice of the applicable Florida laws, it was only 9 days until the trial, or one day less than the "written notice" period prescribed by said § 544.

Assuming that the amendment copy did not reach intervenor's attorney until only nine days before the trial, it is our opinion that the plain wording of § 544, supra, shows that it does not require both notice in the pleadings, and 10 days' notice. For "reasonable notice * * * in the pleadings * * *" the statute mentions no specific time requirement; and intervenor makes no attempt to show that the notice he received in this case was not "reasonable

notice" as that term is used in § 544, supra. We therefore find no merit in intervenor's arguments under his Proposition III.

Under intervenor's fourth and last "Proposition", he apparently takes the position that his purchase of the truck in Indiana was free and clear of any claim plaintiff had to it, since the truck was in that State more than 120 days, without plaintiff ever having filed its conditional sales contract there. He argues, in effect, that this would have been true, under Oklahoma law, if the truck (instead of being located in Indiana when he purchased it from Thompson) had been permanently located in a County of this State for such a period, and that, in the absence of any pleading, or proof, of any Indiana law to the contrary, the trial court should have presumed that the laws of that State, as to such matters, were the same as those of Oklahoma, and, accordingly have rendered judgment for him. This argument contains a hypothesis not supported by the record. As hereinbefore noted, the record indicates that plaintiff's offer to supplement his evidence with proof of the Indiana law, was accepted by the Court, over intervenor's objection. One of the more specific grounds given for this objection was that plaintiff had given no notice that it would "rely on the Indiana law." Since intervenor's general position is that the trial court violated § 544, supra, the specific question to be answered, on the basis of the record, is whether the notice prescribed by said section was a necessary predicate to the trial court's receiving the Indiana law into the evidence of the case. Plaintiff argues that the fact that no Indiana statutes were specifically pleaded in this case, nor any written notice given as a predicate for the court's consideration of the Indiana law, did not preclude this. Plaintiff further says, in substance, that its failure to give the notice merely precluded it from insisting, *as a matter of right*, that the Indiana law be received in evidence; that the statute (§§ 541–547, supra) is "useful" in preventing a litigant from being surprised by his adversary's offer to introduce the laws of another State into evidence; but that, in the present

case, since intervenor relied on an Indiana title, he was not surprised by plaintiff's offer.

While there seems to be some variance in the way in which other courts have interpreted and applied statutes similar to, or identical with, §§ 541–547, supra (see Strout v. Burgess, 144 Me. 263, 68 A.2d 241, 12 A.L.R.2d 939; Cliff v. Pinto, 74 R.I. 369, 60 A.2d 704; Scott v. Scott, 153 Neb. 906, 46 N.W.2d 627, 23 A.L.R.2d 1431, and other cases referred to in the footnotes to 29 Am. Jur.2d, "Evidence", §§ 44–46, and the annotation at 23 A.L.R.2d 1437), we concur generally in the New Jersey view that such statutes are remedial in nature and should be construed liberally enough to leave the courts in a flexible position in exercising judicial discretion to effect substantial justice. (See In re Damato's Estate, 86 N.J. Super. 107, 206 A.2d 171; M. N. Axinn Co. v. Gibraltar Development, Inc., 45 N.J.Super. 523, 133 A.2d 341, and Colozzi v. Bevko, Inc., 17 N.J. 194, 110 A.2d 545). Too strict an interpretation would not only ignore some of the provisions, and the broad purposes, of such Acts, but would figuratively tie the hands of the courts in applying laws of other States, even though all of the parties-litigant might so desire, and/or agree to this.

The record and situation here is different from that in C.I.T. Corp. v. Edwards, Okl., 418 P.2d 685; and we do not think intervenor is in any position to rely on the claimed procedural error, he complains of, to obtain reversal of the trial court's judgment against him. His presentation falls short of demonstrating that the claimed error deprived him of any substantial right, or that the trial court's judgment would have been different, if such error had not occurred. We must therefore conclude that, if introduction of the Indiana law into the evidence was error, it was harmless, and not ground for reversal under our statutes. See Tit. 12 O.S.1961, §§ 78 and 636.

The judgment of the trial court is therefore affirmed.

All the Justices concur.