Military Bases — Leases — School Construction An Oklahoma school district may not expend money for the construction of school facilities on land owned by the federal government on a military base. A school district does not have the power to lease real property from another on or off a military reservation for building sites. The Attorney General has considered your letter dated February 13, 1969, where you, in effect, ask the following questions: Is it legal for an Oklahoma school district to expend money for the construction of school facilities on land owned by the federal government on a military base? Is it legal for an Oklahoma school district to lease real property from another on or off a military base for building sites? O.S.L. 1949, page 532, Article 4, Section 22; O.S.L. 1953, page 375, Section 5; O.S.L. 1955, page 447, Section 1; O.S.L. 1955, page 421, Section 12 (70 O.S. 4-22 [70-4-22] (1961)) provides in part, as follows: "The board of education of each school district shall have power . . . to provide and operate, . . . cafeterias or other eating facilities for the teaching and practice of thrift and economy, book stores, print shops, vocational and other shops, to purchase, construct or rent, and operate and maintain, classrooms, libraries, auditoriums, gymnasiums, stadia, recreational places and play grounds, teacherages, school bus garages, laboratories, administration buildings, and other schoolhouses and school buildings, and to acquire sites and equipment therefor; . . . to acquire property by condemnation proceedings in the same manner as land is condemned "for railroad purposes; . . . to purchase necessary property, equipment, furniture and supplies necessary to maintain and operate an adequate school system; . . . Provided, further, that any school district may operate or maintain a school or schools on any military reservation which is within the boundaries of such school district or which is adjacent to such school district, and provide the instruction in such school or schools to children of personnel on the military reservation; and in doing so shall conform to all Federal laws and requirements." (Emphasis added) While Section 70 O.S. 4-22 [70-4-22] grants the school district broad powers, it appears that the Legislature intended to limit those powers regarding schools on military reservations. It is therefore, the opinion of the Attorney General that your first question be answered in the negative. An Oklahoma school district may not expend money for the construction of school facilities on land owned by the federal government on a military base. O.S.L. 1913, ch. '19, p. 511, Art. 5, Section 14 (70 O.S. 114 [70-114] (1941) granted the school district the power to "purchase or lease a site for a school house." This Section was repealed by O.S.L. 1949, p. 607, Art. 20, Section 9. In lieu thereof, the Legislature in Section 4-22 granted the school district the power "to acquire sites" for the purposes enumerated therein. In Erwin v. Erwin, Okl., 433 P.2d 931 (1965), the Oklahoma Supreme Court stated in the body of the opinion, at page 934, as follows: "In this view we are strengthened by the time-honored rule of statutory construction that 'a change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended' citation. Where the former statute was clear or its meaning had been judicially settled, the amendment may reasonably indicate legislative intent to alter law. citations" A study of Section 4-22 reveals that the Legislature gave the power to school districts to extent certain personal property, including various structures, and expressly granted them the authority to lease property owned by them to others. Section 4-22 granted the school districts the power to acquire sites thereby changing the phraseology of the prior law. The presumption is raised that the Legislature intended to change the meaning of Section 114 by virtue of this alteration, and the express grant of renting and leasing powers in other instances. The Legislature is never presumed to have done a vain thing. Moral Insurance Company v. Cooksey, Okl., 285 P.2d 223 (1955). Black's Law Dictionary, 41 (4th Revised Edition, 1968) defined the word "acquire" to mean, "to get as one's own; to obtain by . . . purchase." The word "acquire" means to become the owner of property, or to make property one's own, and in the final analysis imports ownership. Weinberg v. Baltimore and A. R. Company, 200 Md. 160, 88 A.2d 575, 577
(1962). It is assumed that the legislative purpose is expressed by the ordinary meaning of the word used. Richards v. U.S., 82 S.Ct. 585, 369 U.S. 1,7 L.Ed.2d 492. It is the opinion of the Attorney General that your second question be answered in the negative. A school district does not have the power to lease real property from another on or off a military reservation for building sites. (J. Howard O'Bryan Jr.)