EMPLOYMENT — CERTIFICATION The 74 O.S. 831 [74-831](f) (1975) certification that an applicant meets either statutory or lawful Merit System job qualifications may apply only to subjective qualifications, such as experience, character, personality and ability, and not to objective qualifications, such as age, level of formal education and degrees received. Use of such certification does not authorize a Merit System agency to waive any objective job qualification and is subject to 74 O.S. 818 [74-818] (1971), prohibiting fraud or false statements, and 74 O.S. 810 [74-810] (1971), providing procedure for a citizen to restrain payment and recover past payment made contrary to any provision of the Merit System Act or any rule, regulation or order promulgated thereunder. The certification must comport with Federal Civil Service and Equal Employment Opportunity Commission regulations. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question: Does the certification provided by 74 O.S. 831F [74-831F] (1975), allow an agency to so certify in derogation of statutory qualifications or lawful Merit System qualifications for the position involved? Title 74 O.S. 831 [74-831](f) (1975) provides: "The appointing authority may certify, within Federal Civil Service Commission regulations and Equal Employment Opportunities Commission regulations, that an applicant meets necessary job qualifications of a position in the classified service. Upon such certification said applicant shall be allowed to take any required examination or otherwise compete for said position." The Legislature may met qualifications for positions under the Merit System by statute. Absent specific legislation, the Personnel Board may establish job qualifications for positions under the Merit System pursuant to 74 O.S. 805 [74-805] (1971). Appropriate statutory or lawful Merit System job qualifications are binding on applicants and appointing authorities. Both statutory and lawful Merit System qualifications for a position may consist of a mixture of objective and subjective elements. Objective qualifications may be easily determined as a matter of fact, such as the applicant's age, level of formal education and degrees received. Subjective qualifications depend on an evaluation and analysis of facts pertaining to the applicant, such as character, personality, initiative, and experience. Objective qualifications are comparatively easy to assess; however, subjective qualifications are more elusive and reasonable men may differ in subjective conclusions drawn from the same facts. In enacting Section 74 O.S. 831 [74-831](f), the Legislature, for the first time, included appointing agencies in the process of evaluating an applicant to determine if he meets necessary job qualifications. Your question goes to the extent of the authority of such appointing agency. The facts contained in an individual's application for a Merit System position will determine i the individual meets the required objective qualifications. It is well settled that the Legislature does not do a vain and useless act in enacting legislation. Moral Ins. Co. v. Cooksey, Okl., 285 P.2d 223
(1955). Since objective qualifications are not subject to evaluation, Section 831F can only apply to qualifications that require subjective evaluation. Section 831F was enacted as a mechanism to solve the impasse that results when reasonable parties disagree over the subjective qualifications of an applicant. Section 74 O.S. 831 [74-831](f) does not provide that either statutory or lawful Merit System job qualifications may be set aside or waived. This section would not allow an appointing authority to certify that an applicant meets objective qualifications when the face of the application does not so reflect. An applicant must still meet objective job qualifications. To hold otherwise would allow the use of Section 831F to totally circumvent the Merit System guideline of open competition to ensure qualified persons for state employment. However, the Legislature specifically granted to the appointing agency the authority to certify that an applicant meets necessary job qualifications of a subjective nature. Section 74 O.S. 831 [74-831](f) does not allow an appointing authority to make a false certification. Title 74 O.S. 818 [74-818] (1974), provides in pertinent part: "No person shall make any false statement, certificate, mark, rating, or report with regard to any test, certification, or appointment made under any provision of this act or in any manner commit any fraud preventing the impartial execution of this act and rules made hereunder." Further, 74 O.S. 810 [74-810] (1971), establishes procedure for a citizen to restrain payment and recover past payments made contrary to any provision of the Merit System Act or any rule, regulation or order promulgated thereunder. These two statutes act as a check against unlawful use of Section 831F. In reading these two statutes together, it is clear that appointing authorities are under an affirmative duty to exercise reasonable care in certifying that an applicant meets subjective qualifications. Any certification is subject to attack if it constitutes an abuse of discretion. Section 831F also notes on its face that any certification under it must meet all Federal Civil Service and Equal Employment Opportunity Commission regulations. It is, therefore, the opinion of the Attorney General that your question be answered as follows. The 74 O.S. 831 [74-831](f) (1974) certification that an applicant meets either statutory or lawful Merit System job qualifications may apply only to subjective qualifications, such as experience, character, personality and ability, and not to objective qualifications, such as age, level of formal education and degrees received. Use of such certification does not authorize a Merit System agency to waive any objective job qualification and is subject to 74 O.S. 818 [74-818] (1971), prohibiting fraud or false statements, and 74 O.S. 810 [74-810] (1971), providing procedure for a citizen to restrain payment and recover past payment made contrary to any provision of the Merit System Act or any rule, regulation or order promulgated thereunder. The certification must comport with Federal Civil Service and Equal Employment Opportunity Commission regulations. (Mike D. Martin) ** SEE: OPINION NO. 78-180 (1978) **