John CHAMBERS, Appellant,

v.

Mickey MORGAN d/b/a Apco Transmission, Appellee.

No. 59067.

Court of Appeals of Oklahoma, Division No. 4.

Oct. 4, 1983.

Released for Publication by Order of Court of Appeals Nov. 4, 1983.

Stephen C. Wolfe, Wolfe & Corbitt, Tulsa, for appellant.

Greg A. Farrar, Farrar & Farrar, Tulsa, for appellee.

BRIGHTMIRE, Presiding Judge.

The issue raised here is whether plaintiff, the prevailing party in this action to recover for damage to his car while it was in the custody of defendant's automobile repair shop, is entitled to recover attorney's fees? We hold he is and reverse.

Plaintiff filed this action in small claims court. Defendant cross-petitioned for storage charges. Eventually the matter was heard and plaintiff proved that his car was not damaged when he turned it over to defendant for repair of the transmission and that damage to the body occurred while the car was in the exclusive possession of defendant. Defendant stated he had no evidence to the contrary. The court granted plaintiff a judgment for the damage and denied defendant's claim for storage.

Following this plaintiff moved the court to award him an attorney's fee as authorized by 12 O.S.1981 § 940. This statute says in relevant part that in "any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed . . . as . . . costs . . . ."

The trial judge denied plaintiff's request for attorney's fees under § 936 "by reason of the cause of action being one in bailment."

## I

Was plaintiff's action "one in bailment?" By this phraseology we assume the judge meant that plaintiff's action was one for breach of the bailment agreement and therefore was èx contractu. If so the perception was inaccurate.

 Bailment is a legal status created by the transference of possession of personal property to another for the accomplishment of some particular purpose and estab-

lishes a bailor-bailee or trust relationship. *Essex v. Fife,* 67 Okl. 55, 168 P. 814 (1917). If the bailment is the subject of an express contract then its terms govern over those that would otherwise control by implication of law. *Oklahoma Petroleum & Gasoline Co. v. Winship,* 83 Okl. 146, 200 P. 844 (1921).

The law deals at some length with the subject of bailments. 15 O.S.1981 §§ 441–518. They are classified in § 441 as follows: "voluntary or involuntary; and for safekeeping or exchange." Leaving a car at a shop for repairs is a voluntary bailment for hire as defined by §§ 442 and 465.[1] "The duties and liabilities of a bailee by whom services are rendered or of whom services are required on the thing bailed are subject to the general laws of the state, and may be regulated by contract." *Id.* at § 459. "A bailee for hire must use at least ordinary care for the preservation of the thing bailed." *Id.* at § 466. And according to § 458, "If a thing is lost or injured during its deposit, and the bailee refuse [sic] to inform the bailor of the circumstances under which the loss or injury occurred, so far as he has information concerning them, or willfully misrepresents the circumstances to him, the bailee shall be presumed to have willfully, or by gross negligence, permitted the loss or injury to occur."

Thus it has been held for nearly 60 years that where chattels are delivered to a bailee in good condition and are returned in a damaged state, negligence will be presumed to be the cause, and the bailee has the burden of showing that the loss is due to a cause consistent with due care on his part. *Boyles v. Campbell,* Okl., 420 P.2d 875 (1966); *Merchants' Southwest Transfer & Storage Co. v. Campbell,* 100 Okl. 226, 229 P. 542 (1924). One statute limits the bailee's liability for "negligence" to the value of the thing bailed. Title 15 at § 460.

 These statutes and decisions demonstrate rather clearly that a bailee for hire is not strictly liable for the preservation of the bailed property, unless he expressly

---

1. Actually a more appropriate characterization would be a "bailment for mutual benefit."

agrees to be, but is only bound to use ordinary care for its safety. A breach of this duty, if it results in damage, is legal negligence. Such negligence may be proved merely by showing that the bailee received the chattel in good condition and returned it damaged.

So plaintiff, suing a bailee for damage to bailed property, as he is doing in this case, need not allege any specific act of negligence.[2] He need not use the word negligence. But his recovery, if one he achieves, is nevertheless founded on the bailee's negligence. And since the relief sought by plaintiff in this case is in a "civil action to recover damages for the negligent . . . injury to property," as required by 12 O.S.1981 § 940, he is entitled to recover a reasonable attorney's fee from defendant.

**2.** This is even more true in small claims court where a statutory form restricts the statement of a claim to certain bare essentials.

The order denying plaintiff's request for attorney's fees is reversed and the cause is remanded with directions to hear evidence and award plaintiff a reasonable attorney's fee for the services rendered by plaintiff's attorney in both the trial court and in this court in connection with the prosecution of this appeal. Costs of this appeal are taxed against defendant.

DeMIER and STUBBLEFIELD, JJ., concur.