Steve ABERSON, Appellant,

v.

Andy SA HONG, d/b/a Andy's Body Shop, Appellee.

No. 70289.

Court of Appeals of Oklahoma, Division 1.

Feb. 13, 1990.

Daniel Doris, Tulsa, for appellant.

David R. Bandy, Tulsa, for appellee.

OPINION

GARRETT, Presiding Judge:

Appellant filed suit in small claims court seeking to recover for damage incurred to his automobile while it was in Appellee's custody. The trial court rendered judgment for Appellee. We affirm.

Appellant delivered his automobile to Appellee for exterior body work. While the automobile was located on Appellee's premises, someone broke a window and removed the radio, damaging the dashboard in the process. It was undisputed that the estimated damage exceeded $1,500.00. Appellee testified at trial that his shop was surrounded by a six foot high chain link fence, that mercury vapor lights illuminated the area in which Appellant's car was located and that a guard dog was on duty at the time of the incident. Appellee further testified entry was made through a hole cut in the chain link fence while he was temporarily away between 7:00 and 9:00 p.m.

In Appellant's Proposition One, he contends the trial court erred in failing to find Appellee liable for the damage to his property under *Chambers v. Morgan*, 671 P.2d 89 (Okl.App.1983). At trial and on appeal, Appellant argued that *Chambers*, supra, is dispositive of the present case in his favor. We disagree. Appellant misinterprets *Chambers*.

*Chambers* involved a bailment situation similar to the present case. The Court of Appeals defined the action as one in negligence for purposes of determining entitlement to attorney fees under 12 O.S.1981 § 940. In that context, the Court held, *inter alia*:

"A breach of this duty (ordinary care) if it results in damage, is legal negligence. Such negligence may be proved merely

by showing that bailee received the chattel in good condition and returned it damaged."

671 P.2d at 91.

However, the Court also said:

> Thus it has been held for nearly 60 years that where chattels are delivered to a bailee in good condition and are returned in a damaged state, negligence will be *presumed* to be the cause, and the *bailee has the burden of showing that the loss is due to a cause consistent with due care on his part.*
>
> .    .    .    .    .
>
> [A] bailee for hire is not strictly liable for the preservation of the bailed property, unless he expressly agrees to be, but is only bound to use ordinary care for its safety.

671 P.2d at 90–91 (Emphasis added).

The parties appear to agree, and we concur, this action involves a voluntary bailment for hire. See 15 O.S.1981 §§ 442, 465. Here, Appellee testified to extensive security measures used to safeguard Appellant's property. Appellant offers little, other than a conclusionary statement, to suggest why these measures were not consistent with ordinary care. Further, Appellant offers nothing to establish that Appellee expressly agreed to be held strictly liable. Neither *Chambers*, nor any other authority of which we are aware, would impose a standard of strict liability on Appellee under those facts.

8 C.J.S. Bailments § 47 is as follows:

> Ordinarily, negligence with respect to the care of the bailed property is the basis of a bailee's liability, although it has been stated that the criterion of his liability is fault on his part, not just negligence. Except as he may be liable for breach of the bailment contract, as considered supra § 31, or for conversion, supra § 35, or unless, as discussed infra § 54, his liability is enlarged or diminished by special agreement, an ordinary bailee is not an insurer of the subject of the bailment and is only liable for negligent loss of, or damage to, the property.

> Accordingly, a bailee is not liable for loss of, or damage to, the property bailed if he was without fault. In the absence of negligence, the common-law liability of a bailee does not make him liable for loss of the property by theft or its being taken from him by force, or for the destruction of the property by a fortuitous event. (Citations omitted).

■ When, as here, a voluntary bailee for hire receives the chattel in good condition, and returns it to the owner in a damaged condition, evidence which shows those facts, without more, constitutes proof of a prima facie case of presumed negligence by the bailee. The burden of proof of due care then shifts to the bailee; and, if evidence is presented in an attempt to show the damage was the result of a cause consistent with due care on the part of the bailee, a question of fact is presented to be decided by the trial court.

■ In such case, this Court, on appeal, will affirm the judgment of the trial court if there is any competent evidence to support it, in the same manner as in other actions at law. Cf. *White v. McDonald*, 447 P.2d 746 (Okl.1968), and *Simons v. Brashears*, 344 P.2d 1107 (Okl.1959). As hereinabove pointed out, there is much competent evidence to support the judgment of the trial court.

As Proposition Number Two in his brief, Appellant asks that his interpretation of *Chambers* be adopted because "public policy" would be best served by imposing liability upon the bailee. Appellant raises this public policy argument for the first time in his appellate brief. The trial court was never asked to consider this proposition. Finding no significant question of public policy or widespread public interest, we decline to consider this proposition.

AFFIRMED.

HUNTER, V.C.J., and MacGUIGAN, J., concur.