[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kevin Gaddy, filed a two-count complaint against the defendant, Plaza Shell Service, Inc., on February 4, 1997. The plaintiff alleges that his car was impounded by the Wallingford Police Department, who entrusted the defendant with the car for towing and storage. The plaintiff further alleges CT Page 7282 that he spoke with an employee of the defendant who informed him that the vehicle would be safely stored and that payment would be required prior to release of the car. The car was subsequently stolen from the defendant's premises and later recovered in damaged condition. The plaintiff alleges negligence and breach of bailment contract between the plaintiff and the defendant.
The defendant filed a motion to strike the second count on the ground that it fails to set forth a claim of breach of bailment contract. The plaintiff filed an objection to the motion to strike on May 13, 1997. Both parties filed appropriate supporting memoranda.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, ___ A.2d ___ (1997).
The defendant argues that the plaintiff has failed to allege facts sufficient to state a cause of action for breach of bailment contract. The defendant contends that the plaintiff did not enter into a contract with the defendant; rather, the police department impounded the car and entrusted it to the defendant. As a result, there can be no bailment contract between the parties.
The plaintiff alleges that the police impounded the car and "entrusted" it to the defendant. (Complaint, Count 2, 4.) The plaintiff, however, also alleges that he spoke with an employee of the defendant who informed him of the storage and towing fee and indicated that the car would be safely stored. The plaintiff contends that the conversation constitutes a verbal agreement between the plaintiff and the defendant's agent. The plaintiff argues that while the police may have entrusted the car to the defendant initially, a binding agreement between the parties arose after the plaintiff acknowledged his responsibility to pay the towing and storage fees while speaking with an agent of the defendant. CT Page 7283
In the alternative, the plaintiff argues that an implied contract arose between the parties when the car was entrusted by the police. The plaintiff emphasizes that the owner of the car, not the police, is responsible for towing and storage costs; that there was no contract between the police and the defendant; and that if there were no implied contract between the parties, storage facilities like the defendant's could not charge for towing/storage of impounded cars.
"A bailment involves delivery of the thing bailed into the possession of the bailee, under a contact to return it to the owner according to the terms of the agreement. . . . A relationship of bailor-bailee arises when the owner, while retaining general title, delivers personal property to another for some particular purpose upon an express or implied contract to redeliver the goods when the purpose has been fulfilled, or to otherwise deal with the goods according to the bailor's directions." (Citations omitted; internal quotation marks omitted.) B.A. Ballou Co. v. Citytrust, 218 Conn. 749, 753,591 A.2d 126 (1991).
"A constructive or involuntary bailment arises where the person having possession of a chattel holds it under such circumstances that the law imposes on him the obligation of delivering it to another, where a person has lawfully acquired possession of personal property of another otherwise than by mutual contract of bailment, or where a person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he should, on principles of justice, keep it safely and restore it or deliver it to the owner." 8 C.J.S. 237 Bailments § 15 (1956).
Construing the facts favorable to the pleader, the plaintiff has alleged sufficient facts to state a cause of action for breach of bailment contract. The plaintiff has alleged that he and an employee of the defendant discussed the storage and towing fees for the car. The plaintiff has further alleged that he "entered into an agreement with the defendant wherein and whereby for a consideration to be paid to the defendant by the plaintiff, the defendant agree to keep said automobile in its possession, store the same, keep it safely and return it to the plaintiff on demand." (Complaint, Count 2, 6.) Moreover, the plaintiff has alleged that the defendant's employee stated that the car would not be released until service charges were paid. This indicates that the defendant was exercising control over the car. The CT Page 7284 express or implied assumption of control of property by a bailee is an essential element of bailment. Hartmann v. Black DeckerManufacturing Co., 16 Conn. App. 1, 6, 547 A.2d 38 (1988).
Even if the plaintiff has not alleged sufficient facts to support its argument that an agreement was reached, the facts alleged are sufficient to allege a constructive bailment. "Where a garage keeper took charge of a stolen and abandoned automobile at the direction of police, who had found it and assumed lawful possession, control, and custody of the vehicle, the possession of the garage keeper was lawful; and while he was awaiting the discovery of the owner the garage keeper was the bailee of the owner, with the rights of a bailee for hire." 61A C.J.S. 644 Motor Vehicles § 724 (1956), citing Moral Ins. Co. v. Cooksey,285 P.2d 223[, 226 (Okla. 1955)]. The court in Moral Ins. Co. v. Cooksey determined that "the defendant became a bailee for the owner of the lost property, with the rights of a bailee for hire, and with rights to compensation for services performed necessary to the preservation and protection of the property." Moral Ins.Co. v. Cooksey, 285 P.2d 223, 226 (Okla. 1955).
The plaintiff has put forth sufficient facts to assert a cause of action based on a bailment contract or a constructive bailment. Therefore the motion to strike count two of the plaintiff's complaint is denied.
Zoarski, J.